UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,               Cr. No. 18-20579

                v.                     Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

                Defendant.

_____/

## MOTION TO SUPRESS EVIDENCE
## OBTAINED OUTSIDE THE SCOPE OF THE SEARCH WARRANT

Bradley Stetkiw, through attorneys James Gerometta and Benton Martin, moves to suppress evidence obtained by officers who searched his electronic devices in a manner exceeding the scope of the warrant purported to have authorized the search. Mr. Stetkiw files a brief in support and states:

1.     The government has charged Mr. Stetkiw with receipt and possession of child pornography, and with operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. (R. 1, Indictment, Pg ID 1-6.)

2.     On October 25, 2017, federal agents seized several electronic devices belonging to Stetkiw. As set forth in two search warrants, the government stated that it intended to examine these electronic devices for evidence that Stetkiw violated 18 U.S.C. § 1960 by buying and selling Bitcoin. (Exs. A & B, Search Warrants.)

3.      Rather than limiting the examination of Stetkiw's computers to files reasonably likely to contain evidence of Bitcoin transactions, federal agents reviewed Stetkiw's electronic files without any known limits or protocol. (Ex. C, HSI Report.) In these unrelated files, the agent found an image alleged to be child pornography. This discovery prompted further searches of Stetkiw's property.

4.      Officers conducting a search of an electronic device may not exceed the probable cause articulated in the warrant. *United States v. Castro*, 881 F.3d 961, 966 (6th Cir. 2018). Indeed, "a search authorized by a valid warrant may nonetheless be unreasonable if the officers conducting the search exceed the scope of the warrant and, for example, begin looking for files that are not related to the subject of the search warrant." *United States v. Johnston*, 789 F.3d 934, 941 (9th Cir. 2015). Suppression is required because the search here exceeded the scope of the warrant.

5.      Defense counsel has discussed this matter with the government, and the government does not concur in the requested relief.

2

Mr. Stetkiw asks the Court to hold an evidentiary hearing regarding the scope of the search and suppress all evidence seized when agents went beyond the scope of the warrant in searching his electronic devices.

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

s/James R. Gerometta
james_gerometta@fd.org

s/Benton C. Martin
benton_martin@fd.org

Attorneys for Defendant
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542

Dated: November 2, 2018

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,           Cr. No. 18-20579

              v.                  Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

              Defendant.

_____/

**BRIEF IN SUPPORT OF**
**<u>DEFENDANT'S MOTION TO SUPPRESS</u>**

**Background**

On October 25, 2017, federal agents seized several electronic devices belonging to Stetkiw. As set forth in two search warrants, the government stated that it intended to examine these electronic devices for evidence that Stetkiw violated 18 U.S.C. § 1960 by buying and selling Bitcoin. In Attachment B to the warrants, the affiant specifically set forth the property to be seized as those records "relating to violations" of 18 U.S.C. § 1960. (Ex. A, Attachment B.) This included records related to selling Bitcoin, Bitcoin wallets, dark web market place purchases, and other similar items. (*Id.*) It also included records of Internet history. (*Id.*) Critically, it did not include searches for image files or video files.

1

Discovery reveals very little about how agents conducted the initial search of Stetkiw's electronic devices. According to a Report of Investigation, at an unknown time after seizure of the electronic devices, "[a]ll of the items were examined forensically for further evidence of STETKIW's violation of 18 USC 1960." (Ex. C, Report of Investigation.) During this forensic examination, Special Agent William Osborn somehow discovered an image of alleged child pornography. He halted the examination and contacted the assigned prosecutor, who obtained an additional warrant to further examine Stetkiw's devices. An evidentiary hearing is warranted to develop whether proper protocol was followed during the forensic examination.

## Argument

Officers conducting a search of an electronic device may not exceed the probable cause articulated in the warrant. *United States v. Castro*, 881 F.3d 961, 966 (6th Cir. 2018). Indeed, "a search authorized by a valid warrant may nonetheless be unreasonable if the officers conducting the search exceed the scope of the warrant and, for example, begin looking for files that are not related to the subject of the search warrant." *United States v. Johnston*, 789 F.3d 934, 941 (9th Cir. 2015).

The Sixth Circuit addressed this doctrine in *United States v. King*, 227 F.3d 732, 754 (6th Cir. 2000). The warrant at issue in *King* authorized the search of a

2

downstairs unit in a two-family home. *Id.* at 737. During the search, agents found contraband in the home's basement. *Id.* at 738. The Sixth Circuit concluded that, although the affidavit established probable cause to search the home, the agents exceeded the warrant's scope by searching the basement. *Id.* at 754. Indeed, "a valid search warrant can turn into an invalid general search," the court warned, "if officers flagrantly disregard the limitations of the warrant." *Id.* at 751. Moreover, the court refused to apply the good faith exception because "the warrant did not reference the basement area, and the agent was aware of the warrant's limitations." *Id.* at 753; *see also United States v. Bershchansky*, 788 F.3d 102 (2d Cir. 2015) (holding suppression was required when officers searched Apartment 1 in a multi-unit building based on a search warrant for Apartment 2).

The affidavit here is deficient for the same reasons as that in *King*. The search affidavit for Stetkiw's devices says nothing about image files. There is no reason to believe evidence of Bitcoin transactions would be found in image files. And, as far as the discovery reveals, the agent made no effort to limit the scope of his search to those areas authorized by the warrant. When the affidavit made no explicit mention of permitting a search of image files, and the agent flagrantly disregard the warrant's limitations, the good faith exception is inapplicable and suppression is required.

3

A reasonably trained officer would know the difference between files related to Bitcoin transactions and images files. The Tenth Circuit, as far back as 1999, explained that officers should know this distinction. *See United States v. Carey*, 172 F.3d 1268 (10th Cir. 1999).

In *Carey*, the police seized two computers in the home of a suspected drug trafficker. *Id.* at 1270. In searching the warrants, agents viewed directories of both computers' hard drives and discovered numerous files with sexually suggestive titles and the label "JPG." *Id.* On opening these files, which the officer later testified that he thought might have something to do with narcotics, he discovered child pornography, and kept reviewing the files. *Id.* at 1270-71. The Tenth Circuit concluded the search exceeded the scope of the warrant. It emphasized that the sexually suggestive titles and the label JPG should have alerted the officer that these files were unrelated to the search, particularly after he opened one file and discovered it contained pornography. *Id.* at 1275. The court held that officers must sort files on a computer and search only ones related to the information specified in the warrant. *Id.*

Law enforcement techniques have become drastically more sophisticated since 1999. No reasonable officer should be looking at image files when looking for

4

Bitcoin transactions. The search here unreasonably exceeded the scope of the warrant and suppression is required.

### Conclusion

Mr. Stetkiw asks this Court to hold an evidentiary hearing regarding the scope of the search and the techniques used by the investigating agents, and suppress all evidence derived from the search of his computer that exceeded the scope of the warrant authorizing the seizure of evidence related to violations of 18 U.S.C. § 1960.

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

s/James R. Gerometta
james_gerometta@fd.org

s/Benton C. Martin
benton_martin@fd.org

Attorneys for Defendant
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542

Dated: November 2, 2018

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,               Cr. No. 18-20579

                v.                     Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

                Defendant.
_____/

## **CERTIFICATE OF SERVICE**

I certify that on November 2, 2018, I filed the foregoing paper with the through the court's electronic docketing system, which will send notification to opposing counsel of record.

6