UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.
_____/

## MOTION TO DISMISS

Bradley Stetkiw, through attorneys James Gerometta and Benton Martin, moves under Fed. R. Crim. P. 12(b)(3)(B)(v), to dismiss Count 3 of the indictment against him for failure to state an offense. He files a brief in support and also states:

    1.    The government has charged Mr. Stetkiw with receipt and possession of child pornography, and with operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960 (Count 3). (R. 1, Indictment, Pg ID 1-6.) Count 3 accuses Mr. Stetkiw of violating § 1960 by operating "a Bitcoin exchange service" that did not "comply with the money transmitting business registration requirements" of 31 U.S.C. § 5330. (*Id.* at 3.) For the purposes of this motion, this Court also should accept at true the allegations in an earlier-filed complaint. (*See* Ex. A, Compl., Case No. 17-mj-30566, Pg ID 1–17.)

2. For the reasons described in the accompanying motion to suppress for lack of probable cause (R. 21, Mot. Supp., Pg ID 120–135), buying and selling Bitcoin without a license *is not* a crime under § 1960. First, Bitcoin is not "money" as that term is used in § 1960 because Bitcoin does not issue from or enjoy the protection of any sovereign government. *See United States v. Petix,* No. 15-CR-227A, 2016 WL 7017919, at *5 (W.D.N.Y. Dec. 1, 2016). Second, the term "money transmitting" in § 1960(b)(2) covers only situations where a defendant acts as an intermediary to transfer money from one person or entity on behalf of another. It does not cover the type of simple two-party transactions Stetkiw is accused of conducting, where he would buy Bitcoin, store it in his own digital wallet, and then later sell that Bitcoin to an unrelated second person.

3. At the very least, § 1960 is ambiguous in regard to its application to Stetkiw's alleged conduct. And any "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Skilling v. United States*, 561 U.S. 358, 410 (2010). Thus, under the rule of lenity, this Court should conclude that § 1960 does not apply to Stetkiw's alleged acts of buying and selling Bitcoin.

4. Defense counsel has discussed this matter with the government, and the government does not concur in the requested relief.

Stetkiw asks the Court to dismiss Count 3 for failure to state an offense.

                                      Respectfully Submitted,

                                      FEDERAL DEFENDER OFFICE

                                      s/James R. Gerometta
                                      james_gerometta@fd.org

                                      s/Benton C. Martin
                                      benton_martin@fd.org

                                      Attorneys for Defendant
                                      613 Abbott St., 5th Floor
                                      Detroit, MI 48226
                                      Phone: 313-967-5542

Dated: November 2, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.
_____/

## BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Like collectible stamps, action figures, or Beanie Babies, Bitcoin's value arises solely from people choosing to give it value. Neither the U.S. government, nor any other sovereign, backs it. Simply put, Bitcoin is not money. Moreover, when a person buys Bitcoin to store in their own digital "wallet" and later sells that Bitcoin to an unrelated buyer, the person is not involved in "money transmitting" under 18 U.S.C. § 1960. For these reasons, Count 3 of the indictment against Bradley Stetkiw must be dismissed.

## Background

Stetkiw is alleged to have advertised on LocalBitcoins.com that he would buy or sell Bitcoins in exchange for U.S. currency. (Ex. A, Compl., Pg ID 9.) He met customers in person to negotiate price. (*Id.* at 9–12.) Although he later sold Bitcoins

1

he bought to different individuals, there is no allegation that he ever acted as a middle man between two individuals acting in coordination, thereby transmitting funds from one person to another.

## Argument

### I. Legal standard for dismissal.

Dismissal of a count of an indictment is proper if that count fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). "[T]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Landham*, 251 F.3d 1072, 1079–80 (6th Cir. 2001) (quotation omitted). Although it is usually enough for an indictment to state the offense using the words of the statute, this language from the statute "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling v. United States,* 418 U.S. 87, 117–18 (1974); *see United States v. Nagarwala*, No. 17-CR-20274, 2018 WL 405122, at *2 (E.D. Mich. Jan. 14, 2018) (dismissing charge under Rule 12(b)(3)(B)(v)). Further, criminal statutes "must be strictly construed, and any

2

ambiguity must be resolved in favor of lenity." *United States v. Enmons*, 410 U.S. 396, 411 (1973).

## II. The indictment fails to state an offense.

Mr. Stetkiw provides two reasons in his accompanying motion to suppress why buying and selling Bitcoin is not a criminal offense. (*See* R. 21, Mot. Supp., Pg ID 120–135.) In short, Bitcoin does not fall under the plain meaning of the term "money" as it is used in § 1960. *See United States v. Petix*, No. 15-CR-227A, 2016 WL 7017919, at *4 (W.D.N.Y. Dec. 1, 2016). Moreover, even if Bitcoin is "money" under § 1960, simply buying Bitcoin, storing it in a personal wallet, and then later selling that Bitcoin does not constitute "money transmitting" as defined in § 1960. *United States v. Ali*, 561 F. Supp. 2d 269, 272 n.3 (E.D.N.Y. 2008) (construing "money transmitting" as involving a three-party transaction, not a series of simple two-party transactions).

## III. Even if this Court rejects Stetkiw's interpretation of § 1960, the rule of lenity applies and requires dismissal of Count 3 of the indictment.

Even generously construed, § 1960 is at best ambiguous as applied to buying and selling Bitcoin. It is well established that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Skilling v. United States*, 561 U.S. 358, 410 (2010). Indeed, under the rule of lenity, this Court "cannot give the

3

text a meaning that is different from its ordinary, accepted meaning, and that disfavors the defendant." *Burrage v. United States*, 134 S. Ct. 881, 891 (2014).

*Yates v. United States*, 135 S. Ct. 1074 (2015), is instructive. There, a jury convicted a commercial fisherman of violating 18 U.S.C. § 1519—which prohibits concealing any "tangible object" in an attempt to obstruct a federal investigation—after he ordered his crew to destroy ill-gotten fish. 135 S. Ct. at 1078. He argued that a "tangible object" should not include "fish," and the Court agreed. *Id.* at 1079. The Court reasoned that, although "[a] fish is no doubt an object that is tangible," when that term was used in the context of § 1519, it covered only objects "used to record or preserve information." *Id.* In choosing this approach, the Court invoked the rule of lenity, emphasizing that "it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." *Id.* at 1088 (quoting *Cleveland v. United States*, 531 U.S. 12, 25 (2000)).

The terms "money" and "funds" in § 1960, when read in context, should be interpreted to cover only U.S. currency authorized or approved by the U.S. government. Further, the term "money transmitting" should be read to include only three-party transactions, when one person send money to a second person "on behalf of" a third person. But even if this Court disagrees with that interpretation, the statute

4

is at the very least ambiguous enough that the Court should invoke the rule of lenity and refuse to subject Stetkiw to felony prosecution for buying and selling Bitcoin without a clear indication from Congress that § 1960 applies to that conduct.

## Conclusion

This Court must dismiss Count 3 of the indictment against Stetkiw.

    Respectfully Submitted,

    FEDERAL DEFENDER OFFICE

    s/James R. Gerometta
    james_gerometta@fd.org

    s/Benton C. Martin
    benton_martin@fd.org

    Attorneys for Defendant
    613 Abbott St., 5th Floor
    Detroit, MI 48226
    Phone: 313-967-5542

Dated: November 2, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,              Cr. No. 18-20579

              v.                       Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

              Defendant.
                                          /

## **CERTIFICATE OF SERVICE**

      I certify that on November 2, 2018, I filed the foregoing paper with the through the court's electronic docketing system, which will send notification to opposing counsel of record.