UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,              Cr. No. 18-20579

                v.                    Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

                Defendant.

_____/

## MOTION TO SUPRESS EVIDENCE
## OBTAINED WITH STATE TRACKING WARRANT

Bradley Stetkiw, through attorneys James Gerometta and Benton Martin, moves to suppress evidence and fruits through a search warrant issued on June 16, 2016, to install a tracking device on his car. He files a brief in support and also states:

1.    The government has charged Mr. Stetkiw receipt and possession of child pornography, and with operating an unlicensed money transmitting business. (R. 1, Indictment, Pg ID 1-6.)

2.    The government intends to use evidence derived from fruits of a state warrant to install a tracking device on his vehicle. (Ex. A, Tracking Warrant.) This warrant was explicitly issued as part of a federal investigation into Stetkiw and yet was signed by an Oakland County judge. It sought to install a tracking device to track all of Mr. Stetkiw's movements in this vehicle for 56 days.

3.      The tracking warrant in this case is substantially the same as the warrant in *United States v. Martin*, No. 15-20544-02, 2016 WL 4493675, at *3 (E.D. Mich. Aug. 26, 2016), in which Judge Hood granted a motion to suppress because the tracking warrant violated Fed. R. Crim. P. 41. In particular, the court noted that federal agents appeared to be engaging in "a common practice of circumventing the established requirements of Rule 41(b)(4)" by going "to state courts for tracking warrants, rather than federal courts for mere convenience." *Id.* at *4.

4.      Defense counsel has discussed this matter with the government, and the government does not concur in the requested relief.

Stetkiw asks the Court to suppress all evidence and fruits obtained through use of the tracking warrant signed in state court in violation of Rule 41.

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

s/James R. Gerometta
james_gerometta@fd.org

s/Benton C. Martin
benton_martin@fd.org

Attorneys for Defendant
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542

Dated: November 2, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,                          Cr. No. 18-20579

v.                                  Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

Defendant.
_____/

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO SUPPRESS**

The government intends to use evidence against Bradley Stetkiw derived from fruits of a state warrant to install a tracking device on his vehicle. (Ex. A, Tracking Warrant.) The tracking warrant is substantially the same as the warrant in *United States v. Martin*, No. 15-20544-02, 2016 WL 4493675, at *3 (E.D. Mich. Aug. 26, 2016), in which Judge Hood granted a motion to suppress because the tracking warrant violated Fed. R. Crim. P. 41. In particular, the court noted that federal agents appeared to be engaging in "a common practice of circumventing the established requirements of Rule 41(b)(4)" by going "to state courts for tracking warrants, rather than federal courts for mere convenience." *Id.* at *4. Stetkiw asks the Court to suppress all evidence and fruits obtained through use of the tracking warrant signed in state court in violation of Rule 41.

1

## Background

Officer John Higgins, a Trenton Police Officer and Task Force Officer with Homeland Security, requested and obtained a tracking warrant from a judge in Michigan 48th District Court for Stetkiw's vehicle on June 16, 2016. The warrant relied on information gathered by Homeland Security Investigations. (Ex. A, Tracking Warrant, p.4.) Officer Higgins asked for permission for "Homeland Security Investigations to install a government owned GPS tracking device" on a vehicle belonging to Stetkiw. (*Id.* at 5.) The warrant permitted members of Homeland Security Investigations to monitor the precise location of Mr. Stetkiw's vehicle for a period of 56 days following issuance of the warrant, "including signals produced from inside private buildings." (*Id.*)

Officers used evidence from the tracking device to establish probable cause for later searches of Stetkiw's residence and the Tim Hortons where he conducted Bitcoin deals. (*See* R. 20-2, Residential Search Warrant, Ex. A, Motion to Suppress Evidence Obtained Outside the Scope of the Search Warrant, at Pg ID 58–59.) The tracker allegedly showed "frequent trips" between Tim Hortons and Stetkiw's residence. (*Id.* at Pg ID 58–59.) Using the tracker information, agents also noticed Stetkiw often stopped at a particular shopping center, Chase bank, and gas station.

2

(*Id.* at Pg ID 59.) This observation led agents to pull bank account information for Stetkiw from Chase bank. (*Id.*)

## Argument

In *United States v. Jones*, 565 U.S. 400, 404 (2012), the Supreme Court held that attachment of a GPS tracking device to a vehicle without the owner's permission for the purpose of monitoring the vehicle's movements on public streets was a search within the meaning of the Fourth Amendment. Thus, monitoring a vehicle's movements by attachment of a GPS tracking device requires judicial authorization.

Federal Rule of Criminal Procedure 41 regulates the installation of tracking devices, and specifically provides:

> a magistrate judge with authority in the district has authority to issue a warrant to install within the district a tracking device; the warrant may authorize use of the device to track the movement of a person or property located within the district, outside the district, or both.

Fed. R. Crim. P. 41(B)(4).

Only a magistrate judge with authority in the district can issue a warrant to install, within the district, a tracking device to track the movement of a person or property located within the district. The Rule does not provide authority for federal law enforcement officers to seek such authorization for tracking devices by judges of a state court.

3

The 2006 Advisory Committee Notes explicitly indicate that "only federal judicial officers should be authorized to issue this type of warrant." Fed. R. Crim. P. 41 2006 Amendment Subdivision (b) Advisory Note. That is "[b]ecause the authorized tracking may involve more than one district or state." *Id.* "Even where officers have no reason to believe initially that a person or property will move outside the district of issuance, issuing a warrant to authorize tracking both inside and outside the district avoids the necessity of obtaining multiple warrants if the property or person later crosses district or state lines." *Id.*

As Judge Hood explained, "[a] plain reading of Rule 41(b)(4) fails to show that a state court judge has authority to issue a tracking warrant." *Martin*, 2016 WL 4493675, at *3. "The rule does not mention anything about state court judges." *Id.*

Moreover, Judge Hood noted that, as in this case, the federal agency "made no attempts to comply with the Rule 41(b)(4)'s requirements by asking a federal magistrate judge to issue the tracking warrant for this federal investigation." *Id.* at *4. There was no evidence—again as in this case—that a federal magistrate judge was not available. *Id.*

As Judge Hood acknowledged, "'[v]iolations of Rule 41 alone should not lead to exclusion unless (1) there was 'prejudice' in the sense that the search might not

4

have occurred or would not have been so abrasive if the Rule had been followed, or (2) *there is evidence of intentional and deliberate disregard of a provision in the Rule*.'" *Id.* (quoting *United States v. Searp*, 586 F.2d 1117, 1125 (6th Cir. 1978) (emphasis added)).

But the government in conceded in *Martin* that "it is common practice for the federal agents to seek tracking warrants from state court judges for federal investigations because it is allegedly more convenient." *Id.* Judge Hood explained: "The fact that federal agents regularly go to state courts for tracking warrants, rather than federal courts for mere convenience may be indicative of a common practice of circumventing the established requirements of Rule 41(b)(4)." *Id.*

Accordingly, the subsequent search warrants, based on information obtained improperly, were conducted in violation of Mr. Stetkiw's rights under the Fourth Amendment.  Evidence obtained as a direct or indirect result of a violation of the Fourth Amendment must be suppressed. Under the fruit of the poisonous tree doctrine, evidence obtained through exploitation of an unlawful search is subject to suppression.  *Wong Sun v United States,* 371 US 471, 486; 83 S Ct 407 (1963).

Moreover, this location of this search was not sufficiently particular. Through this warrant, the government sought to track Mr. Stekiw and his vehicle wherever

5

he went. Historically, the limits on such blanket surveillance were practical: "limited police resources and community hostility." *Illinois v. Lidster*, 540 U.S. 419 (2004). But technology has allowed law enforcement to "evade[] the ordinary checks that constrain abusive law enforcement practices." *Jones*, 565 U.S. at 416 (Sotomayor, J., concurring). In the context of tracking-by-cell-phone, the challenge to—indeed, the obligation of—courts is to articulate "limits there are upon this power of technology to shrink the realm of guaranteed privacy." *Kyllo v. United States*, 533 U.S. 27, 34 (2001). That challenge is met by applying the familiar particularity requirement and "the Fourth Amendment's bedrock principle of reasonableness on a case-by-case basis." *United States v. Richards*, 659 F.3d 527 (6th Cir. 2011).

A search warrant, including a warrant to track a suspect, must "particularly describe the place to be searched." U.S. Const. amend. IV. Thus, when a law enforcement officer is queried by a magistrate as to where he wants to track a suspect's movements, "everywhere and anywhere" cannot be an acceptable answer. *Richards*, 659 F.3d at 537 ("The chief purpose of the particularity requirement is to prevent general searches by requiring a neutral judicial officer to cabin the scope of the search to those areas and items for which there exists probable cause that a crime has been committed." (quotation omitted)).

6

Here, the affidavit did not limit the tracking request to a particular place: it contained no information about any specific place that the government anticipated that Mr. Stetkiw might travel. Instead, the government sought power to electronically track Mr. Stetkiw without limitation *every place* he might travel. However, there was no showing that would justify an intrusion of that magnitude; there was no probable cause for a blanket, 56-day search. "The fact that there is probable cause to arrest a person for a crime does not automatically give police probable cause to search his residence or other area in which he has been observed for evidence of that crime.  If the rule were otherwise, "there would be no reason to distinguish search warrants from arrest warrants." *United States v. Savoca*, 739 F.2d 220 (6th Cir. 1984) (quoting *United States v. Lucarz*, 430 F.2d 1051 (9th Cir. 1970)).

The warrant in this case allowed the police to track Mr. Stetkiw at all times, night and day, on public streets and in private places, and into areas traditionally protected by the Fourth Amendment. The tracking warrant sought and obtained in this case was akin to the general warrants condemned by the Founders, *see Steagald v. United States*, 451 U.S. 204 (1981), and is repugnant to the Fourth Amendment.

## Conclusion

Stetkiw asks this Court to suppress all evidence and fruits obtained through use of the state court tracking warrant.

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

s/James R. Gerometta
james_gerometta@fd.org

s/Benton C. Martin
benton_martin@fd.org

Attorneys for Defendant
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542

Dated: November 2, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,             Cr. No. 18-20579

               v.                  Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

               Defendant.
_____/

## **CERTIFICATE OF SERVICE**

     I certify that on November 2, 2018, I filed the foregoing paper with the through the court's electronic docketing system, which will send notification to opposing counsel of record.

9