UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.

_____/

## MOTION FOR RELEASE ON BOND

Bradley Stetkiw, through attorneys James Gerometta and Benton Martin, moves under 18 U.S.C. § 3142 for pretrial release with appropriate conditions. He files a brief in support and also states:

1.    The government has charged Mr. Stetkiw with receipt and possession of child pornography, and with operating an unlicensed money transmitting business. (R. 1, Indictment, Pg ID 1–6.) The pornography charges stem from less than 30 images allegedly found on an external hard drive in Mr. Stetkiw's home. He initially consented to remain in detention.

2.    Mr. Stetkiw has no prior criminal history.

1

3.	There are conditions of release that will reasonably assure Mr. Stetkiw's appearance and the safety of the community. Although the alleged offenses are serious, offenders charged with the same crime as Mr. Stetkiw are regularly released in this district—subject to strict conditions including electronic monitoring and Internet restrictions—and are able to comply. There is no persuasive reason to believe Mr. Stetkiw will not be able to similarly comply.

4.	This alleged crime occurred through use of the Internet. Mr. Stetkiw is willing and able to comply with restrictions on his Internet access if released.

5.	To further alleviate any potential concern about danger to the community, Mr. Stetkiw underwent a polygraph examination with James Hoppe, a respected former FBI polygrapher. Mr. Hoppe concluded that Mr. Stetkiw is being truthful when he states that he has never had any sexually contact with a minor or even attempted to have sexual contact with a minor.

6.	Defense counsel has discussed this matter with the government, and the government does not concur in the requested relief.

Mr. Stetkiw respectfully asks this Court to schedule a hearing and to order his release on conditions of bond.

                                                Respectfully Submitted,

                                                FEDERAL DEFENDER OFFICE

                                                s/James R. Gerometta
                                                james_gerometta@fd.org

                                                s/Benton C. Martin
                                                benton_martin@fd.org

                                                Attorneys for Defendant
                                                613 Abbott St., 5th Floor
                                                Detroit, MI 48226
                                                Phone: 313-967-5542

Dated: December 4, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.

        _____/

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR BOND**

**I.
BACKGROUND**

Bradley Stetkiw is a 53-year-old man with serious health issues and substantial ties to this area. He worked for nearly two decades in warehousing—first as a laborer, then as a manager. In 2006, he experienced a breakdown because of untreated bipolar disorder and depression. He immediately sought treatment and found medications that helped. Nonetheless, he was unable to return to warehouse work and eventually applied for disability benefits in 2010. He lived off of his savings and some assistance from his mother until he began buying and selling Bitcoin a few years ago.

In October 2017, the government charged Mr. Stetkiw with a single count of operating an unlicensed money transmitting business. At that time, the government agreed to his release on bond. In April 2018, the government dismissed the charge without prejudice.

Unbeknownst to Mr. Stetkiw, in January 2018, the government allegedly found an illicit image on his computer and sought an additional search warrant. By June 2018, the government recovered from a hard drive in his home the images that serve as the basis for charges of receipt and possession of child pornography: 8 alleged images of child pornography and 17 alleged images of child exploitation. The government did not arrest Mr. Stetkiw for another two months.

Mr. Stetkiw has no criminal history. Apart from a brief period in the 1980s when he lived in North Carolina, he has spent his entire life in Michigan. He owns a home in which he can reside. He has a work history (before his disability) and has no history of substance abuse. His mother and brother reside in this district, are aware of the charges, and remain supportive of Mr. Stetkiw.

Mr. Stetkiw has serious health issues. He takes two medications for his mental health, and there have been lapses in this medication during his incarceration as the result of jail transfers. He also has physical ailments. He experiences painful muscle

2

contractions for which he is prescribed additional medication. And he needs dental care because several of his teeth are crumbling. He has needed to have two teeth pulled since his arrest in August and is scheduled for additional teeth extractions.

## II.
## STANDARD OF REVIEW

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Thus, under the Bail Reform Act, Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). The structure of the bail statute mandates every form of release be considered before detention may be imposed. *Id.* at 892.

Section 3142(e)(3)'s "presumption in favor of detention imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "A defendant satisfies his burden of production when he com[es] forward with evidence that he does not pose a danger to the community or a risk of flight.'" *Id.* (quotation omitted). "Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id.* at 946.

3

The Bail Reform Act does not require certainty. Rather, to order detention under 18 U.S.C. § 3142(e)(1), this Court must find "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" (emphasis added).

## III.
## ARGUMENT

It is anticipated that the government will argue that Mr. Stetkiw's alleged viewing of violent pornographic material renders him a poor candidate for bond. But this factor does not meaningful distinguish Mr. Stetkiw from several other defendants in this district who have successfully complied with conditions of pretrial release. *See, e.g., United States v. Lewis,* Cr. No. 16-20631; *United States v. Keck*, Cr. No. 15-20742; *United States v. Jacques*, Cr. No. 16-20759. In fact, even offenders accused of more-serious offenses are permitted release. *See, e.g., United States v. Kuppe*, 15-20522, Dkt. No. 40, Order Granting Release on Bond, Pg ID 295 (E.D. Mich. Nov. 24, 2015) (granting release for defendant charged with distribution and production of child pornography).

Mr. Stetkiw's background otherwise weighs in favor of release. Apart from a brief period in North Carolina as a young man, he is a lifelong resident of this district. He has supportive family in this area, including his mother and brother, who are in

4

contact with counsel and aware of the charges. He has no prior involvement with the criminal justice system. While the charges against Mr. Stetkiw are serious, he is not accused of any hands-on offenses against children. He passed a polygraph inquiry into whether he has ever even attempted to have sexual contact with a child. He also has medical needs that are difficult to treat in jail.

This Court can fashion release conditions that adequately address concerns regarding risk of flight and danger. Under conditions of the Adam Walsh Act, if released, a tether will be attached to Mr. Stetkiw with GPS monitoring. Pretrial services will visit his residence and approve that it is appropriate. His travel will be restricted to the Eastern District of Michigan, and he will be prohibited from obtaining any new travel documents. He also will be prohibited from using a computer or smartphone.

In granting bond in another child-pornography related case, Judge Cohn explained that pretrial services in this district has been very successful in monitoring defendants on release: "In the Eastern District of Michigan, 70% of all of the offenders charged are typically released; only 30% are detained. Of those released, less than 2% re-offend while on release." *Kuppe*, 15-20522, Dkt. No. 40, Pg ID 298. Further, "[a]s to sex offenders, 50% of those charged are released," and "less than

2% re-offend while on release." *Id.* There are conditions of release that will reasonably assure Mr. Stetkiw's appearance and the safety of the community.

## **Conclusion**

Stetkiw asks this Court grant his pretrial release on bond.

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

s/James R. Gerometta
james_gerometta@fd.org

s/Benton C. Martin
benton_martin@fd.org

Attorneys for Defendant
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542

Dated: December 4, 2018

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.
                               /

## **CERTIFICATE OF SERVICE**

     I certify that on December 4, 2018, I filed the foregoing paper with the through the court's electronic docketing system, which will send notification to opposing counsel of record.

                               */s/Benton C. Martin*