UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                Criminal No.  18-20579

                                Hon. Victoria A. Roberts

D-1   BRADLEY A. STETKIW,

      Defendant.

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SUPRESS EVIDENCE OBTAINED
<u>WITH STATE TRACKING WARANT (Doc. 23)</u>**

The United States of America opposes defendant Bradley A. Stetkiw's ("STETKIW's") motion to suppress evidence obtained through a tracking warrant. The Government acknowledges that a technical violation of Rule 41 occurred when a state law-enforcement officer obtained the warrant through a state court while assisting a federal investigation.  But suppression is not required because there was neither prejudice to the defendant nor intentional and deliberate disregard of Rule 41.  Nor would suppression be merited under the good faith doctrine.

In addition, no information gained from the tracking warrant meaningfully advanced the investigation against the defendant.  The "fruit" of the tracking warrant was mentioned in passing in two subsequent warrant affidavits; in each instance, the

mention comprised of only a single paragraph. Excising that paragraph from either of those affidavits does not render them infirm for lack of probable cause—and, even if it were so, those warrants would survive through application of the good faith doctrine.

## FACTS

The warrant in question was obtained by an officer from the Trenton Police department from the 48th District Court in Oakland County on June 16, 2016. Exhibit 1. At the time, the officer was working as a Task Force Officer ("TFO") with the Department of Homeland Security. See Id. The affidavit alleged evidence of criminal conduct in violation of the laws of the State of Michigan. Id.

Were the officer to testify, the Government proffers that he would swear to the following facts:

(1) As a TFO assigned to work with the Department of Homeland Security, his role was to provide assistance to federal officers;

(2) He was trained that any warrants that he personally obtained should be obtained in state court;

(3) He obtained the warrant in the instant case because his schedule permitted it and the assigned case agent's schedule did not;

(4) He obtained the warrant from the 48th District Court in Oakland County because it had jurisdiction over the location where the tracking warrant was to be installed, and he believed it to be the appropriate venue; and

(5) He had never before obtained any warrants from that court, and had never before met the judge who issued it.

2

## **ARGUMENT**

### **Suppression Of The Tracking Data Is Not An Appropriate Remedy**

The Government acknowledges that the TFO obtained the warrant as part of an ongoing federal investigation, and that the particular facts of this case therefore dictate that Rule 41 applies. C.f., e.g., United States v. Collier, No. 15-CR-20774, 2017 WL 4681809 at *5-6 (E.D. Mich. September 15, 2017) (report and recommendation), affirmed by 2017 WL 4641912.  The Government also acknowledges that Rule 41 requires tracking warrants to be sworn out before a federal magistrate, not a state judge—and therefore that a technical violation of Rule 41 occurred. Fed. R. Crim. P. 41(B)(4). But while the Sixth Circuit has held that violations of Rule 41 require that suppression be *considered*, suppression remains an extreme remedy in such circumstances and requires either prejudice to the defendant or intentional and deliberate disregard of Rule 41. See United States v. Hopper, 58 Fed. Appx. 619, 627 (6th. Cir. 2003) (not reported); United States v. Searp, 586 F.2d 1117 (6th Cir. 1978) (1117-1126). Neither of those conditions are met, and therefore suppression is not warranted.

STETKIW fails to establish prejudice because he cannot establish that the warrant lacked probable cause. Indeed, the probable cause standard isn't even mentioned in his brief. STETKIW alleges that the warrant lacks particularity, claiming that is defective because it permitted the tracking of STETKIW "and his

3

vehicle wherever they went." Doc 23 at 5-6. But STETKIW misunderstands the particularity requirement as it applies to tracking warrants.

An affidavit in support of a tracking warrant meets constitutional standards for particularity if it sufficiently identifies the vehicle on which it is to be placed. E.g., Collier at *10 ("In this case, the situation is slightly different because the search warrant application in question was for a GPS tracker. Nevertheless, the warrant application was sufficiently particular: it provided the registration and Vehicle Identification Number of Colliers's vehicle"). A standard based on STETKIW'S alternative position has no basis in law and is unworkable. By its very nature, a tracking warrant's affidavit cannot neither identify all of the places a subject may travel nor provide a catalog of meaningful exclusions where the defendant would not be tracked.

Having failed to establish that he suffered no prejudice, STETKIW can only succeed if the affiant acted with intentional and deliberate disregard for Rule 41. This is not the case. The affiant, a local police officer, believed he was required to obtain the warrant in state court. In contrast with United States v. Martin, No. 15—CR-20544-02, 2016 WL 4493675 (E.D. Mich. August 26, 2016), which involved a federal agent obtaining a warrant in a state court, there is no evidence that the present affiant made his decision out of convenience. To the contrary, travelling to the 48th District Court in Bloomfield Township was a decidedly inconvenient action taken

by a state police officer under the mistaken belief that it was the required course of action. That the affiant had never before obtained a warrant in that court nor ever met the assigned judge is further evidence that the venue was not chosen out of a deliberate or intentional disregard of Rule 41. Under these circumstances, the powerful remedy of suppression would be inappropriate. Hopper, 58 Fed. Appx. At 627; Searp, 586 F.2d at 1123 ("requiring suppression in all cases would be a remedy out of all proportion to the benefits gained").

Even if this Court were to find that suppression would be merited under the standards of Hopper and Searp, suppression is inappropriate because the agents who obtained and executed the warrant were operating with good faith. Any misconduct here was neither "sufficiently deliberate that exclusion could meaningfully deter it" nor "sufficiently culpable that such deterrence is worth the price paid by the justice system." United States v. Master, 614 F.3d 236, 243 (6th Cir. 2010) (quoting Herring v. United States, 129 S. Ct. 695, 702 (2009).

## If The Court Suppresses Tracking Data, No Further Suppression Is Warranted

The tracking data obtained from the warrant at issue had a negligible impact on the investigation into STETKIW. It revealed nothing to substantively advance the investigation, and was referenced in only a single paragraph of two subsequent warrant affidavits—one in support of a search of STETKIW's home and one in

support of a search at a Tim Horton's location where he frequently exchanged bitcoins with clients. Exhibit 2 p. 11-12 ¶ 16; Exhibit 3 p 12 ¶ 15. In both of the affidavits, that paragraph stated:

> On June 16, 2016, a tracker warrant for STETKIW's vehicle was obtained and signed off on by a Magistrate Judge in the 48th District Court of the State of Michigan. On June 30, 2016 at approximately 2200 hours, HSI Detroit Special Agents installed the GPS tracker onto the red Chrysler Pacifica (Michigan License Plate: BGF 7260) which is owned and operated by STETKIW. The tracker results show frequent trips between Tim Hortons located at 6495 Telegraph Road, Bloomfield Township, MI and 740 Cortwright Pontiac, MI 48340. From the tracker information, HSI Detroit was able to note that STETKIW also made stops at Bloomfield Village Square Shopping Center, Chase Bank (Bloomfield Town Square) and Speedway gas station at Dixie Highway and North Telegraph. HSI Detroit was able to pull bank account information for STETKIWfrom Chase bank subsequent to documenting his notable stops. Id.

In neither warrant affidavit was this paragraph necessary to establish probable cause. That STETKIW lived at 740 Cortwright and that he exchanged bitcoins at the Tim Hortons on Telegraph Road was—as the warrant affidavits recounted—established via surveillance and undercover operations. Therefore, even with the data from the tracker excluded, either warrant would still pass the test of probable cause. Furthermore, even if the Court was to find that the exclusion of these paragraphs did undermine probable cause, no misconduct is alleged on the part of the agent obtaining these warrants—thus suppression would be inapplicable under the good faith doctrine. See, e.g., Master, 614 F.3d at 243; Herring, 129 S. Ct. at 702.

## CONCLUSION

For the reasons outlined above, the Court should deny STETKIW'S motion to suppress evidence obtained via the tracking warrant.  The Government does not believe an evidentiary hearing is necessary, as the Government believes that the facts are not in dispute.

                                       Respectfully submitted,

                                       MATTHEW SCHNEIDER
                                       United States Attorney


                                       */s/ TIMOTHY J. WYSE*
                                       Timothy J. Wyse
                                       Assistant U.S. Attorney
                                       (313) 226-9144
                                       211 West Fort, Suite 2001
                                       Detroit, Michigan  48226
                                       Timothy.Wyse@usdoj.gov

December 7, 2018