# SEARCH WARRANT
# FOR
# TRACKING DEVICE

STATE OF MICHIGAN )
                   SS)
COUNTY OF OAKLAND )

TO THE SHERIFF, OR ANY OFFICER OF STATE OF MICHIGAN, AND ASSISTING TECHNICIANS:

THE ATTACHED AFFIDAVIT having been sworn to by the Affiant, TFO John Higgins assigned to U.S. Homeland Security, before me this day, based upon the facts stated therein, probable cause having been found, in the name of the People of the State of Michigan, it is ordered you may install, maintain and remove a mobile tracking device in or on the following described property:

**2005 Red Chrysler Pacifica bearing Michigan license plate number BGF7260 registered to Bradley STETKIW, and being driven by Bradley STETKIW.**

IT IS FURTHER ORDERED that you may monitor the signals from said tracking device for a period of no longer than 56 days following the issuance of this order;

IT IS FURTHER ORDERED that you may: enter onto private property for the purpose of installing, maintaining and removing said tracking device; you may surreptitiously enter the property or vehicle to effect said installation, maintenance and removal; and you may monitor the signals from the tracking device, including signals produced from inside private buildings, garages and other structures at locations not open to the public or visual surveillance, within the State of Michigan;

IT IS FURTHER ORDERED that the affidavit, pursuant to MCL 780.654(3), is suppressed for the term provided by law or until the person who is being tracked, or the person whose property or object is being tracked, is charged with a crime or named as a claimant in a civil forfeiture proceeding involving evidence tracked;

IT IS FURTHER ORDERED that, because of the nature and purpose of the investigation, service of the warrant and tabulation, as set forth in MCL 780.655(1) shall not be required until criminal charges are issued, a civil forfeiture proceeding is commenced or further order of this Court.
IT IS FURTHER ORDERED, that the tabulations that are filed with the Court under this warrant are suppressed, pursuant to the authority provided in MCL 780.655(2), for the

**A TRUE COPY**

Date 6-16-16

48th District Court

By _____

Deputy Clerk

FURTHER, Affiant states that the installation, maintenance, removal, and monitoring of said tracking device is part of an ongoing undercover investigation and to protect the integrity and purpose of that investigation [or the safety of a victim or witness], suppression of this affidavit is necessary and Affiant respectfully requests that, in accordance with MCL 780.654(3), the Court order the suppression of this affidavit and dispense with the giving of said affidavit to the person holding the interest in the property searched or entered upon until that person is charged with a crime or named as a claimant in a civil forfeiture proceeding involving evidence seized as a result of the tracking.

FURTHER, Affiant states that the installation, maintenance, and monitoring of said tracking device is part of an ongoing undercover investigation and, to protect the integrity and purpose of the investigation, Affiant respectfully requests that the requirements of MCL 780.655 concerning the giving of a copy of the warrant and tabulation to the person holding the property interest of the premises entered upon or the property upon which the tracking device was placed, or the leaving of said warrant and tabulation at the place of the search or seizure, be delayed until criminal charges are issued, a civil forfeiture proceeding is commenced, or until further order of the Court.

FURTHER, Affiant states that any tabulation that may be filed with the Court is part of an ongoing undercover investigation and, to protect the integrity and purpose of the investigation, said tabulation should be suppressed until the final disposition of the case or further order of the Court, as provided by MCL 780.655(2).

FURTHER, Affiant states that, because of the ongoing undercover investigation and to protect the integrity and purpose of the investigation, the Affiant requests/moves that, pursuant to MCR 8.119(F), the Court find good cause for an order to seal the court record of the search warrant and find that no less restrictive means is adequate to protect the integrity and purpose of the criminal investigation and the safety of the police officers and the community.

_____
Affiant's Signature

Subscribed and sworn to before me this __16th__ day of __June__, 2016.

_____
Judge/Magistrate in and for the
____48____ District Court, County of
Oakland, State of Michigan

**A TRUE COPY**

Date __6-16-16__

**48th District Court**

By _____
Deputy Clerk

STATE OF MICHIGAN
IN THE 48th DISTRICT COURT

In re: Matter of the Tracking of:

Bradley STETKIW

AFFIDAVIT FOR TRACKING WARRANT
AND MOTION TO SUPPRESS

Officer John Higgins, Affiant, being first duly sworn, on oath says:

1) I am a peace officer with the Trenton Police Department and a Task Force Officer with Homeland Security Investigations and have reason to believe that the person/property described above has been, and will likely continue to be, involved in violation(s) of the criminal laws of this State. Therefore, in furtherance of a criminal investigation, I request authority to install, use, and monitor a tracking device on the person or property described above to determine location [or use and monitor the tracking capabilities of the person or property described above to determine location].

2) Affiant further says that the following constitutes evidence of criminal conduct in violation of the laws of the State of Michigan:

   i. Bradley STETKIW and vehicle, 2005 Red Chrysler Pacifica bearing Michigan license plate number BGF7260. The vehicle bearing Michigan license plate number BGF7260 is registered to Bradley STETKIW, and being driven by Bradley STETKIW. Bradley STETKIW was observed by Special Agents and Officers driving the 2005 Red Chrysler Pacifica bearing Michigan license plate number BGF7260 on August 18, 2015, on October 20, 2015, and also observed on March 22, 2016, and on April 20, 2016, and on June 13, 2016, driving the vehicle.

3) Affiant further says that the person/property sought to be monitored is presently located in the State of Michigan, or will be located in the State of Michigan at the time the requested warrant is executed.

4) Affiant further says that the person/property is evidence of a violation(s) of the criminal laws of this State based on the following:

**A TRUE COPY**

Date  6-16-16

48th District Court

By _Renee V_____
Deputy Clerk

5) Homeland Security Investigations (HSI), Detroit Special Agents and Task Force Officers (TFO) have launched a discretionary investigation into money laundering to determine if the target is acting as an unlicensed money remitter. HSI Detroit, Special Agents and TFO's have conducted undercover operations to identify that Bradley STETKIW is involved in money laundering through the use of Bitcoin. Bradley STETKIW is currently living in Pontiac, Michigan. Bradley STETKIM has been corresponding frequently with Undercover (UC) Agents since July 20, 2015, and was identified through the use of website http:www.localbitcoins.com.

6) On August 18, 2015, HSI, UC Agents met with and identified Bradley STETKIW, and exchanged $500.00 in U.S. currency into Bitcoin. STETKIW charged a 9% fee for the exchange of Bitcoin, and stated that he would only exchange a $2,500.00 maximum per person. STETKIW stated to the UC Agents that law enforcement considers it money laundering, therefore he could exchange $2,500.00 to several different people. Investigating and surveillance of Bradley STETKIW has been difficult due to his inconsistent and irregular travel.

7) On October 20, 2015, HSI, UC Agents met with Bradley STETKIW, and exchanged $10,000.00 in U.S. currency into Bitcoin through four separate transactions of $2,500.00, and he charged a 6% fee. During the exchange STETKIW stated to UC Agents, "As you are riding around in a car with that kind of money, hide it somewhere in the car where the police aren't going to see". STETKIW also stated to UC Agents, "If you get pulled over, and if you can't account for the money, the police will seize it".

8) On March 22, 2016, HSI, UC Agents met with Bradley STETKIW, and exchanged $13,700.00 in U.S. currency into Bitcoin through eight separate transactions, and he charged a 5% fee. During the exchange STETKIW stated that he repurchases Bitcoin, and will always keep about $5,000 to $6,000 in Bitcoin. STETKIW also stated that he does not feel comfortable with exchanges over $25,000 in Bitcoin, but does know a source in Pennsylvania that will exchange much more.

9) On April 20, 2016, HSI, UC Agents met with Bradley STETKIW, and exchanged $14,300 in U.S. currency into Bitcoin through six separate transactions, and he charged a 5% fee. During the exchange STETKIW stated that he has a bill counter at his home that he uses for larger exchanges. STETKIW also stated that he is willing to set up a meeting with a source in Pennsylvania to exchange $35,000.00 in U.S. currency into Bitcoin.

10) On August 18, 2015, HSI, Special Agents and TFO's conducted surveillance on STEKIW and identified him through a driver's license photo, and observed him driving the Red 2005 Chrysler Pacifica bearing Michigan license plate number BGF7260, which is registered to Bradley STETKIW. On October 20,

A TRUE COPY

Date 6-16-16

48th District Court

By _____
Deputy Clerk

2015, HSI, Special Agents and TFO's conducted surveillance and again observed STETKIW driving the Red 2005 Chrysler Pacifica bearing Michigan plate number BGF7260. On March 22, 2016, HSI, Detroit Special Agents and TFO's again observed STETKIW driving the Red 2005 Chrysler Pacifica bearing Michigan license plate number BGF7260. On April 20, 2016, HSI, Detroit Special Agents and TFO's again observed STETKIW driving a Red 2005 Chrysler Pacifica bearing Michigan license plate number BGF7260. On June 13, 2016, HSI, Detroit Special Agents observed STETKIW driving a Red 2005 Chrysler Pacifica bearing Michigan license plate number BGF7260.

11) Based on the information described above, your affiant requests a search warrant authorizing Homeland Security Investigations to install a government owned GPS tracking device on a 2005 Red Chrysler Pacifica bearing Michigan license plate number BGF7260. Note: GPS location data allows agents to determine the precise location (often within meters) of a vehicle. This information is critical to the furtherance of the investigation and the identification of all individuals involved.

12) Affiant further says that, in order to track the movement of the aforementioned subject person/property effectively and to decrease the chance of detection, a mobile tracking device in or on the subject vehicle is sought and it may be necessary to enter onto private property in order to install, remove, and maintain said device.

13) Affiant further states that, due to the sensitive nature of this investigation and to prevent detection of the tracking device and law enforcement scrutiny, it may be necessary to install, remove and maintain the tracking device in the nighttime.

14) Affiant further states that the tracking device produces signals from inside private buildings, garages, and other structures or locations not open to the public or visual surveillance and said signals can be monitored by police from a remote site.

WHEREFORE, Affiant respectfully requests that the Court issue an order authorizing members of [Homeland Security Investigations] or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install, maintain, and remove a mobile tracking device in, or on, the subject property or vehicle; to enter onto private property to effect said installation, maintenance, and removal; to surreptitiously enter the property or vehicle to effect said installation, maintenance, and removal; and to monitor the signals from the tracking device, for a period of [56 Days] following the issuance of the Court's order, including signals produced from inside private buildings, garages and other structures of locations not open to the public or visual surveillance within the State of Michigan.

**TRUE COPY**

Date 6-16-16

48th District Court

By Renee Vo

Deputy Clerk

reasons set forth in the attached affidavit, until final disposition of the case or further order of this Court.

IT IS FURTHER ORDERED that, pursuant to MCR 8.119(F), the court record of the search warrant is sealed, this Court finding: good cause is present in that the purpose and reason for this warrant will be destroyed by the revelation of the ongoing investigation and tracking of the suspect; the interests of the respective parties and the public have been considered; and there is a no less restrictive means to adequately and effectively protect this interest and the integrity of the investigation.

ISSUED UNDER MY HAND this __16th__ day of __June__, 2016

_____
Affiant

_____
Judge/Magistrate in and for the
____48th_____District Court,
Oakland County, State of Michigan

**A TRUE COPY**

Date __6-16-16__

48th District Court

By __Renee V.__
　　　　　Deputy Clerk