UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.

_____/

**REPLY TO OPPOSITION (Doc. 28) TO MOTION TO SUPRESS EVIDENCE OBTAINED OUTSIDE SCOPE OF SEARCH WARRANT**

Several questions remain about the forensic examination in this case, and whether the government investigators who performed the search hewed to the scope of the warrant. In defending the search, the government proffers certain facts. Specifically, the government asserts that its forensic examiner ran a program that pulled up all images on Mr. Stetkiw's device, even deleted images, and presented those images in "a unified, continuous display of 'thumbnail images.'" (R. 28, Gov. Resp., Pg ID 209.) The examiner appears to have looked at all these images, and he saw one that appeared illicit. (*Id.* at Pg ID 210.)

The government then argues that the broad scope of its search fell under the terms of the search warrant for two primary reasons. First, according to its forensic

1

examiner, Bitcoin files are commonly stored in image files. (R. 28, Gov. Resp., Pg ID 209. Second, the government argues the warrant allows searches of images for see who was using the computer, i.e., "attribution evidence." (*Id*.)

It remains unclear, however, why it was necessary for the forensic examiner to review all image files, even deleted files, on the device during his search. As explained in *United States v. Carey*, 172 F.3d 1268 (10th Cir. 1999), this type of broad review into all files on a computer, including files that have no identifiable relationship to attribution of the computer or to the crime under investigation, is not permissible under the Fourth Amendment.

The government cites three cases to argue that its officer followed proper protocol. (R. 28, Gov. Resp., Pg ID 211, citing *United States v. Lucas*, 640 F.3d 168, 179–80 (6th Cir. 2011); *United States v. Koch*, 625 F.3d 470, 478 (8th Cir. 2010); *United States v. Walser*, 275 F.3d 981, 987 (10th Cir. 2001).) But these cases are distinguishable: In each one, agents discovered child pornography while looking in a particular folder or flash drive that might have contained relevant evidence. *See Lucas*, 640 F.3d at 179 (upholding search when officer opened relevant thumb drive and illicit images "appeared unexpectedly"); *Koch*, 625 F.3d at 478 (same, when agent opened folder in relevant flash drive and saw illicit images); *Walser*, 275

2

F.3d at 987 (same, when agent opened specific computer folder potentially relating to drug trafficking and discovered illicit images).

In contrast, as explained in *Carey* and *Walser*, officers act impermissibly when they "simply conduct a sweeping, comprehensive search of a computer's hard drive." *Walser*, 275 F.3d at 986. "Because computers can hold so much information touching on many different areas of a person's life, there is a greater potential for the 'intermingling' of documents and a consequent invasion of privacy when police execute a search for evidence on a computer." *Id.* Thus, "[o]fficers must be clear as to what it is they are seeking on the computer and conduct the search in a way that avoids searching files of types not identified in the warrant." *Id.*

Significant questions remain in this case about whether government agents properly limited the search of Mr. Stetkiw's computer. It appears, based on the government's proffer of facts, that the forensic examiner conducted an impermissible "sweeping, comprehensive search." The search thus unreasonably exceeded the scope of the warrant and suppression is required.

## Conclusion

Mr. Stetkiw asks this Court to hold an evidentiary hearing regarding the scope of the search and the techniques used by the investigating agents, and suppress all

evidence derived from the search of his computer that exceeded the scope of the warrant authorizing the seizure of evidence related to violations of 18 U.S.C. § 1960.

    Respectfully Submitted,

    FEDERAL DEFENDER OFFICE

    s/James R. Gerometta
    james_gerometta@fd.org

    s/Benton C. Martin
    benton_martin@fd.org

    Attorneys for Defendant
    613 Abbott St., 5th Floor
    Detroit, MI 48226
    Phone: 313-967-5542

Dated: December 14, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.

_____/

## **CERTIFICATE OF SERVICE**

    I certify that on December 14, 2018, I filed the foregoing paper with the through the court's electronic docketing system, which will send notification to opposing counsel of record.

        */s/Benton C. Martin*

        Counsel for Mr. Stetkiw