UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.
_____/

**REPLY TO OPPOSITION (Doc. 30) TO MOTION TO SUPRESS EVIDENCE OBTAINED WITH STATE TRACKING WARRANT**

The government makes two important concessions in responding to Bradley Stetkiw's motion to suppress evidence obtained with a state tracking warrant. First, the government concedes that Officer John Higgins violated Fed. R. Crim. P. 41(b)(4) when he obtained a federal tracking warrant from a state judge. (R. 30, Gov. Resp., Pg ID 305, 307.) Second, it concedes that this was not simply an accidental or inadvertent mistake: federal officers in fact "trained" Officer Higgins, as a Task Force Officer assigned to work with the Department of Homeland Security, to obtain warrants in this manner that violated Rule 41. (*Id.* at Pg ID 306.) There is no evidence that a federal magistrate judge was not available to sign the warrant.

1

This same widespread abuse of Rule 41(b)(4) is exactly what concerned the court in *United States v. Martin*, No. 15-20544-02, 2016 WL 4493675, at *3 (E.D. Mich. Aug. 26, 2016). There, the court explained that federal agents in this district appear to be engaging in "a common practice of circumventing the established requirements of Rule 41(b)(4)" by going "to state courts for tracking warrants, rather than federal courts for mere convenience." *Id.* at *4. The court criticized this approach as contradicting the "plain reading of Rule 41(b)(4)." *Id.* at *3.

Here, as in *Martin*, the evidence shows that the government was engaged in a practice of circumventing Rule 41(b)(4). In fact, the government proffers that federal agents had "trained" a local task force officer to violate Rule 41(b)(4) by getting these warrants from a state judge. Suppression is warranted because of this "'evidence of intentional and deliberate disregard'" of Rule 41's requirement. *Id.* at *4 (quoting *United States v. Searp*, 586 F.2d 1117, 1125 (6th Cir. 1978)).

The government suggests *Martin* is distinguishable because the officer mistakenly believed, based on his training, that he had to get the warrant in state court. But the evidence of "intentional and deliberate disregard" need not come solely from the individual affiant's subjective thoughts. In this case, there is a history, as shown in *Martin*, of federal officers violating Rule 41(b)(4) by going to state court to obtain tracking warrants. The fact that federal officers improperly

2

trained Officer Higgins is more of a reason *to suppress* than to deny suppression. Indeed, this is exactly the type of "systemic error" and "reckless disregard" of rules that the Supreme Court recognizes as a basis for applying the exclusionary rule. *Herring v. United States*, 555 U.S. 135, 147 (2009).

The government alternatively argues that "no information gained from the tracking warrant meaningfully advanced the investigation against the defendant." (R. 30, Gov. Resp., Pg ID 305.) That argument is belied by the affidavits to search Stetkiw's residence and the Tim Hortons, both of which emphasize details about the tracking warrant as part of the probable cause analysis, and explain that the information led to the discovery of Chase bank records. (*See* R. 20-2, Residential Search Warrant, Ex. A, Motion to Suppress Evidence Obtained Outside the Scope of the Search Warrant, at Pg ID 58–59.) When information is obtained unlawfully, the court must cut all offending evidence from the fabric of the case. *See United States v. Davis*, 430 F.3d 345, 357 (6th Cir. 2005). Without the tracking information as part of the case, evidence later obtained using warrants supported with that information must be suppressed under the fruit of the poisonous tree doctrine. *Wong Sun v. United States,* 371 U.S. 471, 486 (1963).

## **Conclusion**

Stetkiw asks this Court to suppress all evidence and fruits obtained through use of the state court tracking warrant.

                                            Respectfully Submitted,

                                            FEDERAL DEFENDER OFFICE

                                            s/James R. Gerometta
                                            james_gerometta@fd.org

                                            s/Benton C. Martin
                                            benton_martin@fd.org

                                            Attorneys for Defendant
                                            613 Abbott St., 5th Floor
                                            Detroit, MI 48226
                                            Phone: 313-967-5542

Dated: December 14, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

    I certify that on December 14, 2018, I filed the foregoing paper with the through the court's electronic docketing system, which will send notification to opposing counsel of record.

                            */s/Benton C. Martin*
                            Counsel for Mr. Stetkiw