UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.

_____/

**REPLY TO CONSOLIDATED OPPOSITION (Doc. 29) TO MOTION TO SUPPRESS FOR LACK OF PROBABLE CAUSE AND TO DISMISS**

The government has filed a consolidated response to Bradley Stetkiw's two motions (to dismiss and to suppress evidence) based on the argument that 18 U.S.C. § 1960 does not apply to buying or selling Bitcoin in exchange for cash. The government insists that (1) § 1960 applies to Mr. Stetkiw's conduct, (2) the rule of lenity does not apply, and (3) the good-faith exception should apply to the warrant. None of the government's arguments are persuasive.

**I. Section 1960 does not apply to Mr. Stetkiw's conduct.**

*1. Bitcoins are not "funds" as that term is used in § 1960.*

In his motions, Mr. Stetkiw presented two reasons why § 1960 does not cover the alleged conduct here. First, Bitcoin is not "money" as that term is used in the

1

statute because it is not regulated or back by a sovereign state, and second, the simple buying and selling of Bitcoin is not "transmitting" within the meaning of the statute.

In its response, the government argues that Bitcoins constitute "funds" under § 1960 because Bitcoins can "serve as a medium of exchange." (R. 29, Gov. Resp., Pg ID 257.) As examples, the government highlights that there are certain websites that allow people to pay with Bitcoins for furniture or even pizza. (*Id.* at Pg ID 260.)

But the government's definition of funds as any "medium of exchange" that can be used to purchase goods online is far too broad, sweeping in a vast array of conduct that Congress could not have intended to make a crime. In today's Internet-connected economy, there are "swapping" websites that allow users to trade services, movies, or even used clothes, in exchange for other users' services, movies, or clothing. *See, e.g.,* Shelly Kreiczer-Levy, *Consumption Property in the Sharing Economy*, 43 Pepp. L. Rev. 61, 80 (2015) ("As part of the consumption revolution, and following an environmental agenda, many online sites facilitate swapping in-kind goods."). The fact that websites now exists that allow visitors to trade Bitcoins for furniture or pizza does not elevate Bitcoins to the status of "funds" under the U.S. criminal code—just as unwanted clothes do not somehow become "funds" now that they can be used as "payment" for goods and services online.

*2. Person-to-person transfers do not constitute "money transmitting."*

The government also advances a novel interpretation of the phrase "transferring funds on behalf of the public." (R. 29, Gov. Resp., Pg ID 261.) In particular, it argues that this phrase applies to anyone who advertises that they will buy Bitcoins in exchange for cash.

But even if Bitcoins are "funds," advertising them for sale does not somehow constitute "transferring funds" on someone's behalf. To illustrate why the government's position is untenable, consider that the government also argues that gold falls within the meaning of "funds" in § 1960. (R. 29, Gov. Resp., Pg ID 257–58, citing *United States v. Day*, 700 F.3d 713, 725-26 (4th Cir. 2012).) Thus, under the government's definition of "transferring funds," every person in the business of buying gold is committing a crime if that person is not registered as a "money transmitting business." That cannot possibly be what Congress intended. Michigan, like other states, has a wholly separate registration scheme for precious-metal dealers, and it does not treat them as "money transmitting businesses." *See* M.C.L. § 445.483. Simply put, the government's interpretation of "transferring funds on behalf of the public" invites unintended consequences.

Perhaps because of these concerns, the government's proposed definition is *not* how courts have applied § 1960. The government offers no response to *United*

3

*States v. Velastegui,* 199 F.3d 590, 592 (2d Cir. 1999), which explains that § 1960 applies when a business "receives money from a customer and then, for a fee paid by the customer, transmits that money to a recipient in a place that the customer designates, usually a foreign country." The government cites no cases holding that § 1960 applies to someone merely offering to buy Bitcoin, gold, or any other "medium of exchange." Counsel has found no such case, and this Court should not be the first to adopt this strained interpretation of § 1960.

## II.     The rule of lenity applies.

The government very briefly argues that the rule of lenity should not apply because, it says, the statutory text of § 1960 is unambiguous. (R. 29, Gov. Resp., Pg ID 262.) Hardly so. Not only is there a split of authority on this issue, but the terms "funds" and "money transmitting" in § 1960 are not defined in any meaningful way. As the Supreme Court has explained, "it is appropriate, before [courts'] choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." *Yates v. United States,* 135 S. Ct. 1074, 1088 (2015). The language in § 1960, as applied to Bitcoin, is not "clear and definite." If Congress wants to regulate cryptocurrency dealers as money transmitting businesses, it should do so explicitly. The rule of lenity applies to prevent Mr. Stetkiw's actions here from being criminal.

4

### III.    Exclusion is the appropriate remedy.

This Court should suppress all evidence obtained as a result of search warrants authorized solely on allegations that Mr. Stetkiw's conduct violated § 1960. Law enforcement officers should not be permitted to stretch criminal law beyond what is clearly established by appellate law in order to search citizen's personal property.

The government points to the good-faith doctrine and claims the search affidavit "alleged a violation of Section 1960 consistent with existent case law." (R. 29, Gov. Resp., Pg ID 262. But although Mr. Stetkiw acknowledges that there is district court authority from other jurisdictions to support the idea that Bitcoin constitutes "funds" within the meaning of § 1960 (cases he believes are mistaken), that does not mean the good-faith exception applies to the officers' actions here. For the exception to apply, police must be relying "in objectively reasonable reliance on binding appellate precedent." *Davis v. United States*, 564 U.S 229, 249-50 (2011). When appellate law "is (at best) unclear," then the good-faith exception should not apply. *United States v. Lara*, 815 F.3d 605, 613 (9th Cir. 2016); *see also United States v. Bain*, 874 F.3d 1, 20 (1st Cir. 2017) (refusing to apply the good-faith exception when circuit law was not "clear and well settled"). The government makes no meaningful response to this argument.

Moreover, as discussed, all appellate case law points toward a definition of "money transmitting" in § 1960 that involves the defendant acting as an intermediary in a three-party transaction—not a simple person-to-person transfer of Bitcoin or gold in exchange for cash. The government's interpretation of "transferring funds on behalf of the public" to include any person who advertises the sale of cryptocurrencies is novel and far-reaching. When police wrongly rely on novel extensions of law to engage in an improper search, then "the exclusionary rule is well-tailored to hold them accountable for their mistakes." *Davis*, 598 F.3d at 1267.

## Conclusion

Under § 1960, Bitcoins are not "funds" and buying Bitcoin to store in a personal digital wallet to later sell to an unrelated buyer is not "money transmitting." This Court thus should dismiss Count 3 of the indictment and suppression all evidence obtained through warrants authorized on the basis that Mr. Stetkiw's conduct violated § 1960.

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

s/James R. Gerometta
james_gerometta@fd.org

s/Benton C. Martin
benton_martin@fd.org

Attorneys for Defendant
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542

Dated: December 14, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.
                                                  /

## **CERTIFICATE OF SERVICE**

     I certify that on December 14, 2018, I filed the foregoing paper with the through the court's electronic docketing system, which will send notification to opposing counsel of record.

                                          */s/Benton C. Martin*
                                          Counsel for Bradley Stetkiw