UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Criminal No.  18-20579

v.

                                      Hon. Victoria A. Roberts

D-1   BRADLEY A. STETKIW,

        Defendant.

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE ON BOND (Doc. 27)**

After initially consenting to detention, defendant Bradley A. Stetkiw ("STETKIW") now asks that this Court release him pending trial. The Government opposes STETKIW's motion because he poses a danger to the community.

STETKIW is charged with receipt and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B). Due to the serious nature of these crimes, there is a presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(E). STETKIW cannot rebut that presumption, and no condition or combination of conditions could guarantee the safety of the community should he be released.

## **FACTS**

On August 28, 2018 STETKIW was indicted on one count of Receipt of Child Pornography (18 U.S.C. § 2252A(a)(2)), one count of Possession of Child Pornography (18 U.S.C. § 2252(a)(5)(B)), and one count of Operating an Unlicensed Money Transmitting Business (18 U.S.C. 1960).

On September 4, 2018, STETKIW consented to detention.  R. 11.  He filed the instant motion for release on bond on December 4, 2018.  R. 27.

The Government expects that testimony at the scheduled detention hearing will establish facts including, but not limited to, the following:

(1) A search of computer equipment taken from STETKIW's residence was conducted pursuant to a warrant issued on October 25, 2017.  That search discovered images of young children being sexually abused;

(2) A further search of computer equipment taken from STETKIW's residence was conducted pursuant to a warrant issued on August 28, 2018.  That search discovered that a user of a computer controlled by STETKIW frequented "dark net" sites prominently featuring images of young children being sexually abused as well as discussion of child sexual abuse;

(3) The search pursuant to that same warrant discovered that a user of a computer controlled by STETKIW repeatedly viewed images depicting children that had either died horrific, violent deaths or were being subjected to extreme violence;

(4) A user of computers taken from STETKIW's residence employed two separate software programs capable of erasing forensic evidence from hard drives.  Use of these programs limits forensic examiners from recovering deleted data and other forensic evidence; and

(5) At the time of the execution of both of the above search warrants, STETKIW resided alone.

## ARGUMENT

18 U.S.C. § 3142(e)(3) provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the defendant committed— . . . (E) an offense involving a minor victim under section . . . 2252A(a)(2) . . .

The rebuttable presumption is triggered by a grand jury indictment charging the defendant with the applicable offenses. *United States v. Williams*, 948 F. Supp. 692, 694 (E.D. Mich. 1996) (explaining that the rebuttable presumption is clearly triggered by a grand jury indictment). Here, STETKIW is charged in an indictment with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). As a result, the rebuttable presumption applies. It is STETKIW's burden "to come forward with evidence suggesting that he is not a societal danger or flight risk." *Williams* at 694. STETKIW cannot rebut this presumption.

Forensic evidence suggests that STETKIW not only has a sexual interest in young children, but that it is longstanding and uncontrollable. STETKIW did not cease to engage with images of child sexual abuse after the initial seizure of his images in 2017—he doubled down and continued to seek out websites that not only trafficked in such images but discussed the sexual abuse of young children. In addition, his use of not only one, but two, computer software programs designed to eradicate forensic evidence demonstrates that STETKIW was well aware of the

illegality of his actions and that he sought to cover them up.

STETKIW's sexual interest in young children is compounded by his interest in extreme violence against them. These two interests are a disturbing combination separating STETKIW from those to whom courts have granted pre-trial release. STETKIW's inability to control his sexual urges connected to young children and his fixation with violence against them combine to make him a danger to the community that no condition or conditions of release can abate.

In summary, the nature of circumstances of the offense, the weight of the evidence against STETKIW, his history and characteristics, and his character prevent STETKIW from rebutting the presumption that he is a danger to community, and thus he is not eligible for pretrial release.

## CONCLUSION

For the reasons outlined above, the Court should deny STETKIW'S motion for release on bond. The Government believes an evidentiary hearing is necessary in order for the Government to present evidence concerning the risk posed by STETKIW should he be released.

                Respectfully submitted,

                MATTHEW SCHNEIDER
                United States Attorney

                */s/ TIMOTHY J. WYSE*
                Timothy J. Wyse
                Assistant U.S. Attorney
                (313) 226-9144
                211 West Fort, Suite 2001
                Detroit, Michigan 48226
                Timothy.Wyse@usdoj.gov

December 19, 2018