UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.

                                 /

**NOTICE OF ADDITIONAL AUTHORITY IN SUPPORT OF MOTIONS TO SUPPRESS FOR LACK OF PROBABLE CAUSE AND TO DISMISS**

In preparing for the upcoming motion hearing, Bradley Stetkiw discovered additional authority to support the arguments—in his motions to dismiss and to suppress for lack of probable cause—that buying and selling Bitcoin as a personal investment is not "money transmitting" under 18 U.S.C. § 1960. (*See* R. 21, 22.) Specifically, in 2014, the Treasury Department's Financial Crimes Enforcement Network (FinCEN) clarified that a company buying and selling virtual currency through two-party transactions is a "user" of virtual currency rather than a "money services business" (MSB) for purposes of registration requirements. (Ex. A, FIN-2014 R-002, at 4.) Importantly, mere "users" of virtual currency *do not* have to register with FinCEN. *Id.*

1

In a formal guidance ruling, FinCEN explains as follows in regard to an investor buying and selling virtual currency:

> To the extent that the Company [or person] purchases and sells convertible virtual currency, paying and receiving the equivalent value in currency of legal tender to and from counterparties, all exclusively as investments for its own account, it is not engaged in the business of exchanging convertible virtual currency for currency of legal tender for other persons. *In effect, when the Company invests in a convertible virtual currency for its own account, and when it realizes the value of its investment, it is acting as a user of that convertible virtual currency within the meaning of the guidance.* As a result, to the extent that the Company limits its activities strictly to investing in virtual currency for its own account, it is not acting as a money transmitter and is not an MSB under FinCEN's regulations.

(*Id.* at 4 (emphasis added).) This guidance contradicts the government's argument that two-party transactions involving the buying and selling of Bitcoin for storage in a person's own digital wallet is sufficient to amount to "money transmitting." (*See* R. 29, Gov. Resp., Pg ID 261.)

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

s/James R. Gerometta
s/Benton C. Martin
Attorneys for Bradley Stetkiw
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542
Email: benton_martin@fd.org

Dated: January 31, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Cr. No. 18-20579

        v.        Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

    I certify that on January 31, 2019, I filed the foregoing paper with the through the court's electronic docketing system, which will send notification to opposing counsel of record.

                      */s/Benton C. Martin*
                      Counsel for Bradley Stetkiw