UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                     Case No. 18-20579
                                                Honorable Victoria A. Roberts

v.

BRADLEY A. STETKIW,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED WITH STATE TRACKING WARRANT [ECF No. 23]

**I.    INTRODUCTION**

Before the Court is Defendant Bradley Stetkiw's ("Stetkiw") motion to suppress evidence obtained with state tracking warrant. [ECF No. 23].

For the reasons below, Stetkiw's motion is **DENIED**.

**II.    BACKGROUND**

In August 2018, a grand jury returned an indictment charging Stetkiw with receipt and possession of child pornography under 18 U.S.C. § 2252A(a)(2) and (5), and operating an unlicensed money transmitting business – i.e., a Bitcoin exchange service – in violation of 18 U.S.C. § 1960.

At issue is a tracking warrant which John Higgins – a Trenton Police Officer and Task Force Officer with Homeland Security ("Officer Higgins") – requested and obtained from a judge in Oakland County's 48th District Court on June 16, 2016. The warrant allowed "Homeland Security Investigations to install a government owned GPS tracking device" on Stetkiw's vehicle and monitor its location for 56 days.

Stetkiw filed this motion on November 2, 2018; the motion is fully briefed.

Stetkiw says the state tracking warrant violated Federal Rule of Criminal Procedure 41(b)(4) because it was issued by a state court judge instead of a federal magistrate judge. Stetkiw argues that the Court should suppress the evidence and fruits obtained from the tracking warrant. In particular, Stetkiw claims officers/agents used evidence from the tracking device to establish probable cause for later searches of his residence and a Tim Hortons where he conducted Bitcoin deals. Stetkiw also says the tracking device showed that he often stopped at a Chase bank, which led agents to obtain his Chase bank account information.

### III. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 41(b)(4), a state court judge does not have authority to issue a tracking warrant. *See United States v. Martin*, No. 15-20544, 2016 WL 4493675, at *3 (E.D. Mich. Aug. 26, 2016). *See also* Fed. R. Crim. P. 41(b)(4) ("a magistrate judge with authority in the district has authority to issue a warrant to install within the district a tracking device"); Rule 41 advisory committee notes (2006) ("Because the authorized tracking may involve more than one district or state, the Committee believes that only federal judicial officers should be authorized to issue this type of warrant.").

According to the Sixth Circuit, "[v]iolations of Rule 41 alone should not lead to exclusion unless (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." *Martin*,

2

2016 WL 4493675, at *4 (quoting *United States v. Searp*, 586 F.2d 1117, 1125 (6th Cir. 1978)).

IV.     ANALYSIS

The government admits that a technical violation of Rule 41 occurred when Officer Higgins obtained the tracking warrant from a state court judge instead of a federal magistrate judge.  However, it argues that: (1) suppression is not required because there was neither prejudice to Stetkiw nor intentional and deliberate disregard of Rule 41(b)(4); (2) suppression would be inappropriate under the good faith doctrine; and (3) even if the Court suppresses the tracking data obtained, no further suppression is necessary because the tracking data revealed nothing to substantively advance the investigation, and no evidence obtained from the tracking warrant was necessary to establish probable cause for the warrant to search Stetkiw's home or the warrant to search the Tim Hortons where he conducted his transactions (i.e., even if the single paragraph that references the tracking warrant was removed from the affidavits in support of the search warrants of Stetkiw's home and the Tim Hortons, those warrants would still be supported by probable cause).

A.     **Exclusion is Not Warranted under *Martin***

Although the government admits that obtaining the tracking warrant from a state court judge was a technical violation of Rule 41, the Court will not suppress evidence obtained from the tracking warrant unless Stetkiw shows that either: (1) the violation of Rule 41 prejudiced him; or (2) the failure to follow Rule 41 was intentional and deliberate.  *See Martin*, 2016 WL 4493675, at *4.  He shows neither.

It is apparent from his motion and reply brief that Stetkiw only proceeds under the second prong of the test; he does not attempt to show that the violation of Rule 41 prejudiced him.

Despite proceeding under the second prong, Stetkiw's motion barely presents any substantive argument addressing why the Rule 41 violation was intentional and deliberate. Rather, Stetkiw relies, summarily, on *Martin*. This is the extent of his argument:

- "The tracking warrant in this case is substantially the same as the warrant in *United States v. Martin*, No. 15-20544-02, 2016 WL 4493675, at *3 (E.D. Mich. Aug. 26, 2016), in which Judge Hood granted a motion to suppress because the tracking warrant violated Fed. R. Crim. P. 41. In particular, the court noted that federal agents appeared to be engaging in 'a common practice of circumventing the established requirements of Rule 41(b)(4)' by going 'to state courts for tracking warrants, rather than federal courts for mere convenience.' *Id*. at *4."

- "Moreover, Judge Hood noted that, as in this case, the federal agency 'made no attempts to comply with the Rule 41(b)(4)'s requirements by asking a federal magistrate judge to issue the tracking warrant for this federal investigation.' *Id*. at *4. There was no evidence—again as in this case—that a federal magistrate judge was not available. *Id*."

- "But the government . . . conceded in *Martin* that 'it is common practice for the federal agents to seek tracking warrants from state court judges for federal investigations because it is allegedly more convenient.' *Id*. Judge Hood explained: 'The fact that federal agents regularly go to state courts for tracking warrants, rather than federal courts for mere convenience may be indicative of a common practice of circumventing the established requirements of Rule 41(b)(4).' *Id*."

[ECF No. 23, PgID 175, 180-81].

As those excerpts demonstrate, Stetkiw merely relies on *Martin*. Stetkiw does not argue, much less say, that Officer Higgins intentionally and deliberately disregarded Rule 41. Notwithstanding that deficiency, however, Stetkiw's conclusory reliance on

4

*Martin* falls far short of demonstrating an intentional and deliberate disregard of Rule 41(b)(4) for multiple reasons.

First, compounding the insufficiency of Stetkiw's conclusory reliance on *Martin* is the fact that he mischaracterizes *Martin's* main holding.

In the first excerpt above, Stetkiw says that Judge Hood granted the motion to suppress in *Martin* because the tracking warrant violated Rule 41. This is a material mischaracterization of *Martin*. Judge Hood did not grant the motion to suppress based on the violation of Rule 41; rather, she granted the motion – and suppressed the evidence obtained from the tracking warrant – because "the search warrant was not supported by sufficient probable cause." *Martin*, 2016 WL 4493675, at *4.

In fact, Judge Hood never decided whether there *actually* was evidence of intentional and deliberate disregard of Rule 41. Instead, she merely concluded that "[t]he fact that federal agents regularly go to state courts for tracking warrants, rather than federal courts for mere convenience **may be indicative** of a common practice of circumventing the established requirements of Rule 41(b)(4)." *Id.* (emphasis added). In the first excerpt above, Stetkiw further mischaracterizes *Martin* by incorrectly stating that the court noted that federal agents "appeared to be engaging" in a common practice of circumventing Rule 41.

Because, contrary to Stetkiw's mischaracterizations, *Martin* did not grant the motion to suppress based on the Rule 41 violation and did not hold that federal agents regularly going to state court for tracking warrants actually *was indicative* of an intentional and deliberate disregard of Rule 41(b)(4), Stetkiw's reliance on *Martin* to show that the Rule 41 violation here was intentional and deliberate is undermined.

5

Even if Judge Hood had granted the motion to suppress based on the violation of Rule 41, Stetkiw's conclusory reliance on *Martin* is misplaced, because any circumstantial evidence of intentional and deliberate disregard of Rule 41 in *Martin* – an unrelated case involving a different federal agency and different investigation – cannot be used to prove intentional and deliberate disregard in this case.  Specifically, the fact that there was evidence that the federal ATF agents in that case regularly went to state court to obtain tracking warrants does not necessarily mean the federal Homeland Security Investigations agents in this case did as well.

Moreover, the fact that Officer Higgins says "he was trained that any warrants that he personally obtained should be obtained in state court," does not constitute "evidence of intentional and deliberate disregard of [Rule 41]" – as Stetkiw argues. Stetkiw fails to demonstrate, much less allege, that the federal agents who trained Officer Higgins knew that Rule 41 required law enforcement to obtain tracking warrants from a federal magistrate judge.  Without showing that the agents who trained Officer Higgins knew of Rule 41(b)(4)'s requirements *and* that the agents deliberately and intentionally failed to train Officer Higgins on Rule 41(b)(4)'s requirements, Stetkiw fails to present evidence of intentional and deliberate disregard of Rule 41.

Thus, similar to *Martin*, while the failure to properly train Officer Higgins *may be indicative* of a common practice of circumventing the requirements of Rule 41(b)(4), it is not enough to constitute "evidence of intentional and deliberate disregard of [Rule 41(b)(4)]."  *See Martin*, 2016 WL 4493675, at *4.

Because Stetkiw fails to show the violation of Rule 41 prejudiced him or that the violation was intentional and deliberate, suppression is unwarranted.  *See Martin*, 2016

WL 4493675, at *4. See also *United States v. Hopper*, 58 Fed. Appx. 619, 627 (6th Cir. 2003) ("The use of the exclusionary rule to remedy statutory violations is a discretionary matter.") (citing *Searp*, 586 F.2d at 1123); *United States v. Claridy*, 601 F.3d 276, 283-84 (4th Cir. 2010) (holding that even if a Rule 41 violation was found, it "would not justify suppression of the evidence seized by the warrant" because the purported violations of Rule 41(b) were "nonconstitutional," "nonprejudicial," and no evidence has shown that they were an "intentional and deliberate effort to disregard or circumvent Rule 41").

### B. Particularity of the Tracking Warrant

As an alternative ground for suppression, Stetkiw argues that the tracking warrant was not sufficiently particular with regard to location, because it sought to track Stetkiw's vehicle wherever it went.

In its response, the government shows that Stetkiw's argument lacks merit – because, by its very nature, a tracking warrant's affidavit cannot name all of the places a subject may travel. *See United States v. Collier*, No. 15-20774, 2017 WL 4681809, at *10 (E.D. Mich. Sept. 15, 2017), *report and recommendation adopted*, 2017 WL 4641912 (E.D. Mich. Oct. 17, 2017), ("In this case, the situation is slightly different because the search warrant application in question was for a GPS tracker. Nevertheless, the warrant application was sufficiently particular: it provided the registration and Vehicle Identification Number of Collier's vehicle.").

Stetkiw fails to respond to or rebut the government's argument in his reply brief.

Accordingly, in addition to finding that Stetkiw's argument lacks merit, the Court finds that Stetkiw waived this argument by failing to reply to it.

## V. CONCLUSION

For the reasons above, the Court **DENIES** Stetkiw's motion to suppress evidence obtained with state tracking warrant.

**IT IS ORDERED**.

                                            S/ Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: February 1, 2019