UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Case No. 18-20579
                                                  Honorable Victoria A. Roberts

v.

BRADLEY A. STETKIW,

    Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS FOR LACK OF PROBABLE CAUSE [ECF No. 21] AND MOTION TO DISMISS [ECF No. 22]</u>**

**I.    INTRODUCTION**

Count three of the indictment alleges that Defendant Bradley Stetkiw violated 18 U.S.C. § 1960 by operating an unlicensed money transmitting business – i.e., a Bitcoin exchange service – that did not comply with the money transmitting business registration requirements of 31 U.S.C. § 5330.

Before the Court are Stetkiw's motion to suppress for lack of probable cause [ECF No. 21] and motion to dismiss count three of the indictment [ECF No. 22].

For the reasons below, both motions are **DENIED**.

**II.    ANALYSIS**

Stetkiw's motion to suppress and motion to dismiss are related. In each, Stetkiw contends that buying and selling Bitcoin without a license is not a crime under 18 U.S.C. § 1960. Therefore, he says: (1) count three of the indictment fails to state an offense under § 1960 and must be dismissed; and (2) evidence derived from the search of his

home must be suppressed because the search warrant – which was based on his alleged violation of § 1960 – is not supported by probable cause.

Under 18 U.S.C. § 1960, a person commits an offense when he "knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business." In relevant part, the statute defines the term "unlicensed money transmitting business" as "a money transmitting business which affects interstate or foreign commerce in any manner or degree" and "fails to comply with the money transmitting business registration requirements under [31 U.S.C. § 5330] or regulations prescribed under such section." 18 U.S.C. § 1960(b)(1)(B). "'[M]oney transmitting' includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier." 18 U.S.C. § 1960(b)(2).

Stetkiw says buying and selling Bitcoin without a license does not violate § 1960 for two reasons.

First, Stetkiw argues that Bitcoin is not "money" or "funds" as those terms are used in § 1960 because Bitcoin does not issue from or enjoy the protection of any sovereign government. Second, Stetkiw contends that the term "money transmitting" in § 1960(b)(2) covers only situations where a defendant acts as an intermediary to transfer money from one person or entity on behalf of another; he says it does not cover the type of two-party transactions Stetkiw is accused of conducting, where he would buy Bitcoin, store it in his own digital wallet, and then later sell and transfer that Bitcoin to an unrelated second person. Alternatively, Stetkiw argues that even if his conduct violated

§ 1960, the Court should apply the rule of lenity and dismiss count three because the statute is ambiguous as applied to buying and selling Bitcoin.

Stetkiw's arguments fail.

### A. Bitcoins Constitute Money or Funds under 18 U.S.C. § 1960

In support of his first argument – that Bitcoin is neither money nor funds within the meaning of § 1960 – Stetkiw relies on *United States v. Petix*, 15-CR-227A, 2016 WL 7017919 (W.D.N.Y. Dec. 1, 2016) – a magistrate judge's report and recommendation never adopted by the district court. Stetkiw's argument and *Petix* are unpersuasive.

Even though § 1960 does not specify what counts as "money" for purposes of determining a violation, it is clear that it pertains to the transmission of funds. *See* § 1960(b)(2). Undefined terms in statutes are to be given their ordinary meaning. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566 (2012). "The ordinary meaning of 'funds[]' . . . is 'available pecuniary resources.' 'Pecuniary' is defined as 'taking the form of or consisting of money.' And 'money,' in turn, is defined as 'something generally accepted as a medium of exchange, a measure of value, or a means of payment.'" *United States v. Murgio*, 209 F. Supp. 3d 698, 707 (S.D.N.Y. 2016) (internal citations omitted).

Federal District Courts have repeatedly found that Bitcoin constitutes "money" and "funds" within the meaning of 18 U.S.C. § 1960. For example, *see Murgio*, 209 F. Supp. 3d at 707 ("bitcoins 'clearly qualif[y] as money or funds' under § 1960 because they 'can be easily purchased in exchange for ordinary currency, act[ ] as a denominator of value, and [are] used to conduct financial transactions'") (quoting *United States v. Faiella*, 39 F. Supp. 3d 544, 545 (S.D.N.Y. 2014) (internal quotation marks in

*Faiella* omitted)); *see also United States v. Mansy*, No. 2:15-CR-198, 2017 WL 9672554, at *1 (D. Me. May 11, 2017).

The Court adopts the reasoning in *Murgio* and *Faiella*, and cases relied on by them, and finds that Bitcoin qualifies as "money" and "funds" under § 1960.

### B. Stetkiw's Bitcoin Transactions Constitute Money Transmitting

Stetkiw's second argument also fails.

As described in the affidavit in support of the search warrant, a typical Bitcoin purchase from Stetkiw involved Stetkiw electronically transferring the Bitcoins to the purchaser's Bitcoin address or account after the purchaser pays Stetkiw the value of the Bitcoins plus a commission/fee. [*See* ECF No. 20-2, PgID 52].

This falls within the plain meaning of "transferring funds on behalf of the public *by any and all means*," such that Stetkiw's Bitcoin transactions constitute "money transmitting" under 18 U.S.C. § 1960(b)(2). Specifically, Stetkiw is a "money transmitter" – and his transfer of Bitcoin to the virtual accounts of purchasers constitutes money transmitting – because his transactions were "transmission[s] of . . . funds . . . *to another location*." *See* 31 C.F.R. § 1010.100(ff)(5)(i)(A) ("acceptance of currency, funds, or other value that substitutes for currency from one person and the transmission of currency, funds, or other value that substitutes for currency *to another location* or person by any means") (emphasis added); *Faiella*, 39 F. Supp. 3d at 546 (citing §1010.100(ff)(5)(i)(A)); *United States v. Lord*, No. CR 15-00240, 2017 WL 1424806, at *4 (W.D. La. Apr. 20, 2017) (same).

That Stetkiw's transactions constitute "money transmitting" under § 1960 is confirmed by an interpretive "Guidance" issued by the Department of Treasury Financial

4

Crimes Enforcement Network ("FinCEN"). This Guidance is not intended to have the force of law, but does explain how FinCEN characterizes certain activity involving virtual currencies under FinCEN regulations. And, it clarifies that a virtual currency exchanger – i.e., a person engaged as a business in the exchange of virtual currency for real currency or funds – is a "money transmitter" under its regulations. *See* FinCEN Guidance, FIN-2013-G001, at pp. 1-2.[1] *See also Faiella*, 39 F. Supp. 3d at 546 (quoting FinCEN Guidance); *Lord*, 2017 WL 1424806, at *4 (same). Specifically, the FinCEN Guidance explains that "an exchanger (acting as a 'seller' of . . . virtual currency) that accepts real currency or its equivalent from a [purchaser] and transmits the value of that real currency to . . . [the purchaser's] virtual currency account" engages in "money transmission . . . **to another location**. . . ." *See* FinCEN Guidance at p. 4 (emphasis in original); *see also id.* at p. 5 (a person that "sells [virtual currency] to another person for real currency or its equivalent is engaged in transmission to another location and is a money transmitter").

On January 31, 2019, Stetkiw filed a notice of additional authority in support of his motion to dismiss and motion to suppress. Stetkiw cites an administrative ruling issued by FinCEN on January 30, 2014. He relies on the following excerpt of the ruling to argue that buying and selling Bitcoin through two-party transactions is not "money transmitting" under § 1960:

> To the extent that the Company purchases and sells convertible virtual currency, paying and receiving the equivalent value in currency of legal tender to and from counterparties, all exclusively as investments for its own account, it is not engaged in the business of exchanging convertible virtual currency for currency of legal tender for other persons. In effect,

---

[1] https://www.fincen.gov/sites/default/files/shared/FIN-2013-G001.pdf (March 18, 2013).

when the Company invests in a convertible virtual currency for its own account, and when it realizes the value of its investment, it is acting as a user of that convertible virtual currency within the meaning of the guidance. As a result, to the extent that the Company limits its activities strictly to investing in virtual currency for its own account, it is not acting as a money transmitter and is not an MSB under FinCEN's regulations.

FinCEN Ruling, FIN-2014-R002, at p. 4.[2]

While the above excerpt would likely be relevant if Stetkiw was engaged in buying and selling Bitcoin strictly as an investment for his own account, the government alleges that Stetkiw engaged as a business in the exchange of Bitcoin for real currency; and, as the FinCEN Guidance explains, his transfer of Bitcoin constitutes money transmission *to another location*. Moreover, as part of his business, Stetkiw allegedly charged a per-transaction commission/fee for the exchange and transfer of Bitcoin.

The paragraph immediately following the above excerpt from the FinCEN ruling makes clear that Stetkiw's alleged conduct constitutes money transmitting under § 1960:

> If the Company were to provide services to others (including investment-related or brokerage services) that involved the accepting and transmitting of convertible virtual currency, or the exchange of convertible virtual currency for currency of legal tender or another convertible virtual currency, of course, additional analysis would be necessary to determine the Company's regulatory status and obligations with respect to such activity. ***In addition, should the Company begin to engage as a business in the exchange of virtual currency against currency of legal tender (or even against other convertible virtual currency), the Company would become a money transmitter under FinCEN's regulations***. Under such circumstances, the Company would have to register with FinCEN, implement an effective, risk-based anti-money laundering program, and comply with the recordkeeping, reporting, and transaction monitoring requirements applicable to money transmitters.

FinCEN Ruling, FIN-2014-R002, at p. 4 (emphasis added).

---

[2] https://www.fincen.gov/sites/default/files/administrative_ruling/FIN-2014-R002.pdf

Because Stetkiw's alleged conduct constitutes money transmitting under § 1960, count three of the indictment states an offense and probable cause supports the search warrant.

### C. The Rule of Lenity Does Not Apply

Stetkiw argues that even if his conduct constitutes an offense under 18 U.S.C. § 1960, the rule of lenity requires dismissal because § 1960 is ambiguous as applied to buying and selling Bitcoin. The Court disagrees.

The rule of lenity is "reserved . . . for those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to 'the language and structure, legislative history, and motivating policies' of the statute.'" *Moskal v. United States*, 498 U.S. 103, 108 (1990) (emphasis in original) (citation omitted).

As other courts have concluded, § 1960 unambiguously applies to Stetkiw's Bitcoin exchange business. *See Faiella*, 39 F. Supp. 3d at 547 (applying § 1960 to a Bitcoin exchange business and holding that "there is no . . . irreconcilable ambiguity requiring resort to the rule of lenity"); *Mansy*, 2017 WL 9672554, at *2 ("[T]he rule of lenity does not require the Court to accept a strained reading of Section 1960 where the statute's language, structure, and purpose all point towards Bitcoin falling within its scope.").

The rule of lenity does not apply.

## III. CONCLUSION

For the reasons above, the Court **DENIES** Stetkiw's motion to suppress for lack of probable cause [ECF No. 21] and motion to dismiss [ECF No. 22].

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 1, 2019