UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               Cr. No. 18-20579

               v.                   Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

               Defendant.

_____/

**NOTICE OF ADDITIONAL AUTHORITY
IN SUPPORT OF MOTION TO SUPPRESS [Doc. 20]**

During the evidentiary hearing on June 12, 2019, the Court raised a question about whether agents in this case used a search protocol to limit the scope of the computer search. In light of that discussion, counsel recalled persuasive authority from a Chicago magistrate judge, who issued an in-depth decision 15 years ago requiring the government to submit a protocol at the time of submission of a search warrant for computer evidence. *See In re Search of 3817 W. W. End, First Floor Chicago, Illinois 60621*, 321 F. Supp. 2d 953 (N.D. Ill. 2004).

In the case, the magistrate judge issued a warrant to search a home for evidence of tax fraud and for seizure of computers in the home. *Id.* at 954. But he conditioned the search of the computers on the government providing the court with a protocol

1

describing the information to be seized and "the methods the government planned to use to locate that information without generally reviewing information on the computers that was unrelated to the alleged criminal activity." *Id.* Like here, the original warrant appeared to authorize an examination of all stored data on the computer. *Id.* at 955. The judge specifically asked the government to consider limiting the search using specific time periods, key word searches, and searches of text files rather than graphic files. *Id.* at 956.

The government sought relief from this requirement, and the judge denied the request. He emphasized concerns about the intermingling of documents. *Id.* at 958. He noted: "While the warrant application here established probable cause to believe that the computer may contain information of tax fraud, it did not contain information indicating that the computer contains *nothing but information of tax fraud*." *Id.* (emphasis added). Moreover, the court emphasized that computers contain vast arrays of information but also permit "tools to refine searches in ways that cannot be done with hard copy files." *Id.* at 959.

Ultimately, the judge concluded that, although the warrant presented probable cause to believe the computer contained evidence of tax fraud, it failed "to set forth 'objective standards by which executing officers can differentiate items subject to seizure from those which are not.'" *Id.* at 960 (quoting *United States v. Spilotro*, 800

2

F.2d 959, 963 (9th Cir. 1986)). Like here, the warrant described "the computers and related materials to be seized" but did "not specify what objective standards the government proposes to use 'to specify what types of files were sought in the searching of the two computers so that personal files would not be searched.'" *Id.* (quoting *United States v. Barbuto*, No. 2:00CR197K, 2001 WL 670930, at *5 (D. Utah Apr. 12, 2001)). Thus, the court concluded that the government's effort to seek "a license to roam through everything in the computer without limitation and without standards" violated the Fourth Amendment. *Id.* at 962–63.

The existence of this precedent, 15 years ago, requiring standards when conducting a computer search, even when probable cause exists that the computer contains evidence of a crime, should cause this Court to grant suppression and to refuse to apply the good-faith exception.

Respectfully Submitted,

FEDERAL DEFENDER OFFICE

s/James R. Gerometta
s/Benton C. Martin
Attorneys for Bradley Stetkiw
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5542
Email: benton_martin@fd.org

Dated: June 25, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,           Cr. No. 18-20579

               v.                   Hon. Victoria A. Roberts

BRADLEY A. STETKIW,

               Defendant.

_____/

## **CERTIFICATE OF SERVICE**

     I certify that on June 25, 2019, I filed the foregoing paper with the through the court's electronic docketing system, which will send notification to opposing counsel of record.

                                 */s/Benton C. Martin*
                                 Counsel for Bradley Stetkiw

4