UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ORIGINAL

United States of America,

          Plaintiff,

v.

D-1 Bradley A. Stetkiw,

          Defendant.

_____/

No. 18-cr-20579

Hon. Victoria A. Roberts

Offense(s):
18  U.S.C. § 2252A(a)(5)(B)
Possession of Child Pornography

18 USC U.S.C. § 1960
Operating an Unlicensed Money
Transmitting Business

**Maximum Penalty:**
20 (Count 2)
5 (Count 3)
**Maximum Fine:**
Not to exceed $500,000
**Mandatory Supervised Release:**
Up to Not Less Than Five (5) Years and
Up To Life

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Bradley A. Stetkiw and the government agree as follows:

1.    **Guilty Plea**

    A.    **Counts of Conviction**

    Defendant will enter a plea of guilty to Counts Two and Three of the

Indictment, which charge him with possession of child pornography and operating

an unlicensed money transmitting business in violation of 18  U.S.C. §§

2252A(a)(5)(B) and 1960.

    B.    **Elements of the Offenses**

The elements of Count Two are as follows:

> 1. Defendant knowingly possessed any matter that contained an image of child pornography, as defined in Title 18 United States Code Section 2256(8);
>
> 2. That such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer;
>
> 3. At the time of his possession, Defendant knew that such items constituted child pornography; and
>
> 4. The child pornography included images depicting prepubescent minors or minors who had not yet attained 12 years of age.

The elements of Count Three are as follows:

> 1. Defendant knowingly conducted a money transmitting business as defined in 18 U.S.C. § 1960(b)(2); and
>
> 2. That money transmitting business was not properly licensed as defined in 18 U.S.C. § 1960(b)(1)(A) and/or (B) .

- 2 -

C.   **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty

pleas:

Defendant Bradley A. Stetkiw, facilitated by advertisements on the website

"LocalBitcoins," exchanged bitcoins for cash and vice versa.  Stetkiw claimed to be

"the longest, most reliable and honest trader in Oakland County."  An undercover

officer—after making initial contact with Stetkiw via the "LocalBitcoins"

website—provided Stetkiw with $56,700 in U.S. currency over the course of six

undercover transactions between August of 2015 and August of 2017.   Each of

these cash transactions occurred in Oakland County, Michigan.  After each cash

transaction, Stetkiw—in return for a fee—electronically transferred control of

bitcoins to the undercover officer.

At no time did Stetkiw attempt to verify the identity of the undercover

officer, and he was explicit that he did not wish to know what his customer was

going to do with the bitcoins. Stetkiw was not a licensed money transmitter with

either the federal government or the state of Michigan.

As part of the investigation into Stetkiw for Operating an Unlicensed Money

Transmitting Business, in October of 2017 various electronic media belonging to

Stetkiw were seized from his residence in ~~Bloomfield Hills~~ Pontiac in BCM, Michigan.  Forensic

investigators ultimately recovered from Stetkiw's media nine images of children

under the age of eighteen engaged in sexual activity. These included multiple images of children under twelve. One of the images involved the sexual abuse of an infant.

In the course of examining computer hard drives seized from Stetkiw, forensic investigators also determined (1) that Stetkiw used at least three distinct "peer-to-peer" (PTP) file share programs, and (2) that Stetkiw used the program "CC Cleaner," which can eliminate computer forensic evidence.

## 2.  Sentencing Guidelines

### A.  Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B.  Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 37 - 46 months, as set forth on the attached worksheets. If the Court finds:

> 1.  that defendant's criminal history category is higher than reflected on the attached worksheets, or
>
> 2.  that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a

- 4 -

lack of acceptance of responsibility for his offense; or obstructed

justice or committed any crime,

and if any such finding results in a guideline range higher than 37 - 46 months, the

higher guideline range becomes the **agreed range**.  However, if the Court finds that

defendant is a career offender, an armed career criminal, or a repeat and dangerous

sex offender as defined under the sentencing guidelines or other federal law, and

that finding is not already reflected in the attached worksheets, this paragraph does

not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is

different from any position of that party as reflected in the attached worksheets,

except as necessary to the Court's determination regarding subsections (1) and (2),

above.

3.     **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing

so must consider the sentencing guideline range.

A.     **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the

sentence of imprisonment in this case may not be **lower than 36 months (3 years)**

and **may not exceed the top of the sentencing guideline range** as determined by

Paragraph 2B.

- 5 -

B. **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court

**must** impose a term of supervised release on Count Two of no less than **Five (5)**

**years**. The agreement concerning imprisonment described above in Paragraph 3A

does not apply to any term of imprisonment that results from any later revocation of

supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of $200.00 at the time of sentencing.

D. **Fine**

There is no agreement as to fines.

E. **Restitution**

Defendant agrees to pay restitution in the amount of $3,000 per victim, but

not to exceed $100,000 total, to any victim associated with Count Two of the

Indictment (including dismissed counts), who may be identified and requests

restitution prior to sentencing.  If the total number of victims results in an amount of

requested restitution exceeding $100,000 total, neither party shall be bound by this

paragraph and the restitution amount will be litigated or renegotiated.

Defendant agrees that restitution is due and payable immediately after the

judgment is entered and is subject to immediate enforcement, in full, by the United

States.  18 U.S.C. §§ 3612(c) and 3613.  If the Court imposes a schedule of

- 6 -

payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Defendant agrees to make a full pre-sentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. Defendant agrees to complete and return the Financial Disclosure Form within three (3) weeks of receiving it from government counsel. Defendant agrees to participate in a pre-sentencing debtor's examination if requested to do so by government counsel.

4.     **Forfeiture of Property**

As part of this agreement, pursuant to 18 U.S.C. § 2253(a)(3), Defendant agrees to forfeit to the United States the following property:

a.     Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

- 7 -

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of Defendant's violation of 18 U.S.C. § 2252A; and

c.      Any property, real or personal, involved in the commission of Defendant's violation of 18 U.S.C. § 2252A including, but not limited to, the following:

    (1)    One (1) Western Digital 1 TB Hard Drive Disk (S/N: WCC3F2FF67HE);

    (2)    One (1) Western Digital 80 GB Hard Drive Disk (S/N: WMAM91786153);

    (3)    One (1) Western Digital 80 GB Hard Drive Disk (S/N: WMAA52316442);

    (4)    One (1) Western Digital 250 GB Hard Drive Disk (S/N: WMANK4001995);

Defendant agrees that a sufficient nexus exits between Defendant's violation of 18 U.S.C. § 2252A and the above referenced property and that such property is forfeitable to the United States pursuant to 18 U.S.C. § 2253.

Defendant also agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to his violation of 18 U.S.C. § 1960, as alleged in Count Three of the Indictment, and any property, real or personal, involved in, or any property traceable to property involved in, his violation of 18 U.S.C. § 1960, including, but not limited to, the following:

- 8 -

(5) Five Thousand Seven Hundred Thirty Dollars ($5,730.00) in U.S. Currency; and

(6) Misc. Documents

Defendant agrees that a sufficient nexus exists between Defendant's violation of 18 U.S.C. § 1960 and the above referenced property and that such property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

Defendant agrees to the entry of one or more orders of forfeiture of his interests in the above referenced property, including the Court's prompt entry of a Preliminary Order of Forfeiture following Defendant's guilty plea, upon application by the United States, incorporating the above referenced forfeiture of the property described above as mandated by Fed. R. Crim. P. 32.2. Defendant agrees that the Preliminary Order of Forfeiture shall become final as to Defendant at the time it is entered by the Court.

Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above-described property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Double Jeopardy Clause and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument,

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the above-described assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered by this Plea Agreement.

## 5. SORNA/Adam Walsh Act

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 6. Waiver of Right to DNA Testing

Defendant waives any right he has to move for an order requiring the DNA testing of evidence that was secured in relation to the investigation or prosecution of this case.

7.      **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

8.      **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

9.      **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his

guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

10. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 46, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 37 months, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

11. **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not

- 12 -

filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 12. Collateral Consequences of Conviction

Defendant understands that his convictions here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

## 13. Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 14. Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

15.    **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by 5:00 P.M. on 10/09/2019. The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.

MATTHEW SCHNEIDER
United States Attorney

John K. Neal
Assistant United States Attorney
Chief, White Collar Crimes

Timothy Wyse
Assistant United States Attorney

Date: 09/30/2019

By signing below, defendant acknowledges that he has read (or been read) this
entire document, understands it, and agrees to its terms. He also acknowledges that
he is satisfied with his attorney's advice and representation. Defendant agrees that
he has had a full and complete opportunity to confer with his lawyer, and has had
all of his questions answered by his lawyer.

Benton Martin
Attorney for Defendant

Bradley A Stetkiw
Defendant

10-22-19
Date

10-22-19
Date

# WORKSHEET A

# OFFENSE LEVEL

Defendant **Bradley A. Stetkiw**          District/Office __Eastern District of Michigan__

Docket Number __2:18-cr-20579__

Count Number(s) __2__          U.S. Code Title & Section __18 USC__ : __2252A(a)(5)(B)__ ; ____ : ____

*Guidelines Manual* Edition Used: 20__18__ (*Note: The Worksheets are keyed to the November 1, 2016 Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (*See* Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|-----------|-------------|-------|
| 2G2.2(a)(1) | Base Level | 18 |
| 2G2.2(b)(1) | No distribution | -2 |
| 2G2.2(b)(2) | Minor under 12 | +2 |
| 2G2.2(b)(4) | Sexual abuse of infant | +4 |
| 2G2.2(b)(6) | Use of computer | +2 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.

Sum **24**

### 2. Victim-Related Adjustments (*See* Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§_____ **0**

### 3. Role in the Offense Adjustments (*See* Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".

§_____ **0**

### 4. Obstruction Adjustments (*See* Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§_____ **0**

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.

**24**

☐ Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

☑ If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET A

# OFFENSE LEVEL

Defendant **Bradley A. Stetkiw**                                        District/Office **Eastern District of Michigan**

Docket Number **2:18-cr-20579**

Count Number(s) **3**                          U.S. Code Title & Section **18 USC** : **1960**               ;          :

*Guidelines Manual* Edition Used: 20 **18** (*Note*: The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (See Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2S1.3 | Base Level: 6 + 6 (2B1.1 More than $40,000, Less than $95,000) | 12 |
|  |  |  |
|  |  |  |
|  |  |  |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.

Sum [ ]

### 2. Victim-Related Adjustments (See Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§_____ [ ]

### 3. Role in the Offense Adjustments (See Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".

§_____ [ ]

### 4. Obstruction Adjustments (See Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§_____ [ ]

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.

[ 12 ]

[ ] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[✓] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET B

# MULTIPLE COUNTS*

Defendant **Bradley A. Stetkiw**      Docket Number **2:18-cr-20579**

## INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (*see* §3D1.2(a)). Explain the reasons for grouping:

N/A2

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (*i.e.*, counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. *See* §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (*see* §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

| 1. | Adjusted Offense Level for the First Group of Counts | | |
|---|---|---|---|
| | Count number(s) 2 | 24 | 1 Unit |

| 2. | Adjusted Offense Level for the Second Group of Counts | | |
|---|---|---|---|
| | Count number(s) 3 | 12 | 0 Unit |

| 3. | Adjusted Offense Level for the Third Group of Counts | | |
|---|---|---|---|
| | Count number(s) _____ | | _____ Unit |

| 4. | Adjusted Offense Level for the Fourth Group of Counts | | |
|---|---|---|---|
| | Count number(s) _____ | | _____ Unit |

| 5. | Adjusted Offense Level for the Fifth Group of Counts | | |
|---|---|---|---|
| | Count number(s) _____ | | _____ Unit |

| 6. | Total Units | | |
|---|---|---|---|
| | | 1 | **Total Units** |

**7. Increase in Offense Level Based on Total Units** (See §3D1.4)

| 1 unit: | no increase | 2½ – 3 units: | add 3 levels | |
|---|---|---|---|---|
| 1½ units: | add 1 level | 3½ – 5 units: | add 4 levels | 0 |
| 2 units: | add 2 levels | More than 5 units: | add 5 levels | |

**8. Highest of the Adjusted Offense Levels from Items 1–5 Above**

| | 24 |
|---|---|

**9. Combined Adjusted Offense Level** (See §3D1.4)

Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.     24

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (*see* §1B1.2(d)); offense guidelines that direct such application (*e.g.*, §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (*see* §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

**WORKSHEET D**

# DETERMINING THE SENTENCE
## [Page 1 of 4]

Defendant _Bradley A. Stetkiw_                    Docket Number _2:18-cr-20579_

---

**1. Adjusted Offense Level** (From Worksheet A or B)

If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

$\boxed{24}$

**2. Acceptance of Responsibility** (*See* Chapter Three, Part E)

Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".

$\boxed{-3}$

**3. Offense Level Total** (Item 1 less Item 2)

$\boxed{21}$

---

**4. Criminal History Category** (From Worksheet A or C)

Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

$\boxed{I}$

**5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (*See* Chapter Three, Part A, and Chapter Four, Part B)

**a. Offense Level Total**

If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

$\boxed{\text{N/A}}$

**b. Criminal History Category**

If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

$\boxed{\text{N/A}}$

**6. Guideline Range from Sentencing Table**

Enter the applicable guideline range from Chapter Five, Part A, in months.

$\boxed{37 \quad \text{to} \quad 46}$

**7. Restricted Guideline Range** (*See* Chapter Five, Part G)

If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (*see* §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

$\boxed{\text{N/A} \quad \text{to}}$

☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (*See* §5G1.3)

☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

---

---

---

U.S. Sentencing Commission Worksheets (November 1, 2016)

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant _Bradley A. Stetkiw_                    Docket Number _2:18-cr-20579_

---

**9. Sentencing Options** (*See* Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

**Zone A** (*See* §§5B1.1(a)(1) & 5C1.1(a) & (b))

☐ If checked, the following options are available:

- Fine (*See* §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (*See* §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (*See* §5C1.1(a) & (c)(1))

**Zone B** (*See* §§5B1.1(a)(2) & 5C1.1(a) & (c))

☐ If checked, *the minimum term may be satisfied by*:

- Imprisonment (*See* §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (*See* §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (*See* §§5B1.1(a)(2) and 5C1.1(c)(3))

**Zone C** (*See* §5C1.1(a) & (d))

☐ If checked, *the minimum term may be satisfied by*:

- Imprisonment (*See* §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (*See* §5C1.1(d)(2))

**Zone D** (*See* §5C1.1(a) & (f))

☑ If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

---

**10. Length of Term of Probation** (*See* §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☑ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

U.S. Sentencing Commission Worksheets (November 1, 2016)

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant _Bradley A. Stetkiw_                                   Docket Number _2:18-cr-20579_

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

### a. Imposition of a Term of Supervised Release:

☐ Ordered because required by statute (See §5D1.1(a)(1)).

☑ Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

☐ Is **not** ordered although a sentence of more than one year is imposed, because it is not required by statute **and** the defendant likely will be deported after imprisonment (See §5D1.1(c)).

☐ Ordered because it may be ordered in any other case (See §5D1.1(b)).

### b. Length of Term of Supervised Release

Check the Class of the Offense:

☐ Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

☑ Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

☐ Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

☐ If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

_____ years mandatory minimum term of supervised release

☐ If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
N/A

b. Enter whether restitution is statutorily mandatory or discretionary:

c. Enter whether restitution is by an order of restitution, or **solely** as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant: Bradley A. Stetkiw          Docket Number: 2:18-cr-20579

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

**a. Special Fine Provisions**

|     |     |
| --- | --- |
| ☐ | Check box if any of the counts of conviction is for a statute with a special fine provision. (This ***does not*** include the general fine provisions of 18 USC § 3571(b)(2) & (d)). |

Enter the sum of statutory maximum fines for all such counts.

|  | Minimum | Maximum |
| --- | --- | --- |
|  |  | $ N/A |

**b. Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.

| Minimum | Maximum |
| --- | --- |
| $ 15,000 | $ 150,000 |

**c. Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))).

| Minimum | Maximum |
| --- | --- |
| $ 15,000 | $ 150,000 |

**d. Ability to Pay**

☐ Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**          $ 100

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index.)

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

**Completed by** Timothy J. Wyse          **Date** 8/14/19