United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,                               Case No. 2:18-cr-20579

v.                                                 Honorable Victoria A. Roberts

Bradley A. Stetkiw,

        Defendant.

---

## Unopposed Combined Application for Entry of Preliminary Order of Forfeiture and Brief in Support Thereof

---

The United States applies to this Court for entry of a Preliminary Order of Forfeiture. In support of this Application, the government states the following.

Defendant Bradley A. Stetkiw ("Defendant") was charged in an Indictment with Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count One); Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two); and Operating an Unlicensed Money Transmitting Business in violation of 18 U.S.C. § 1960 (Count Three). The Indictment also contains forfeiture allegations. ECF No. 1.

On October 22, 2019, Defendant pleaded guilty to Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two) and

Operating an Unlicensed Money Transmitting Business in violation of 18 U.S.C. § 1960 (Count Three).

In his Rule 11 Plea Agreement ("Rule 11"), Defendant agreed, pursuant to 18 U.S.C. § 2253, to forfeit to the United States any property, real or personal, involved in the commission of Defendant's violation of 18 U.S.C. § 2252A, including, but not limited to, the following:

    a. One (1) Western Digital 1 TB hard drive disk, serial number: WCC3F2FF67HE;

    b. One (1) Western Digital 80 GB hard drive disk, serial number: WMAM91786153;

    c. One (1) Western Digital 80 GB hard drive disk, serial number: WMAA52316442; and

    d. One (1) Western Digital 250 GB hard drive disk, serial number: WMANK4001995.

Defendant also agreed in his Rule 11, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), to forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to his violation of 18 U.S.C. § 1960, and any property, real or personal, involved in, or any property traceable to property involved in, his violation of 18 U.S.C. § 1960, including, but not limited to, the following:

  e. Five Thousand Seven Hundred Thirty Dollars ($5,730.00) in U.S. Currency; and

  f. Miscellaneous Documents;

(Items a. through f. above hereinafter referred to as "Subject Property").

Defendant agreed in his Rule 11 to the entry of one or more orders of forfeiture incorporating the forfeiture of the Subject Property, including the Court's prompt entry of a Preliminary Order of Forfeiture following Defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. Defendant agreed that forfeiture would become final as to him at the time it is entered by the Court, as provided by Federal Rules of Criminal Procedure 32.2(b)(4)(A) and 32.2(c).

Federal Rule of Criminal Procedure 32.2 provides, in relevant part, that:

> As soon as practical after…a plea of guilty…is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute…

Rule 32.2(b)(1)(A). Federal Rules of Criminal Procedure 32.2(b)(1)(B) further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement…"

Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

3

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture…directing the forfeiture of specific property. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

Rule 32.2 provides for the timing of the preliminary order of forfeiture, as follows:

> Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant...

Fed. R. Crim. P. 32.2(b)(2)(B).

Defendant's sentencing date is currently scheduled for March 18, 2020, making it appropriate for the Court to enter a Preliminary Order of Forfeiture with regard to the Subject Property at this time. Any claims by third parties to the Subject Property shall be resolved under the procedures set forth in 21 U.S.C. § 853(n), as stated in the proposed Preliminary Order of Forfeiture submitted concurrently herewith. Fed. R. Crim. P. 32.2(b)(2)(A), (c).

Given that Defendant agreed in his Rule 11 to the entry of a Preliminary Order of Forfeiture incorporating the forfeiture of the Subject Property, there should be no objection to this Application or to the entry of the proposed forfeiture order.

Pursuant to Local Rule 7.1, the undersigned government attorney sent Defendant's attorneys, Benton C. Martin and James R. Gerometta, a copy of this Application and the proposed Preliminary Order of Forfeiture via e-mail. Defendant's counsel advised government counsel that there are no objections to the Application and proposed order of forfeiture.

Pursuant to Federal Criminal Procedure 32.2, 18 U.S.C. § 2253, and 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), and based upon Defendant's guilty plea to Counts Two and Three of the Indictment, the Rule 11, this Application, and other information contained in the record, the United States respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture, which will be submitted to the Court via ECF utilities.

        Respectfully submitted,

        Matthew Schneider
        United States Attorney

        S/Linda Aouate
        Linda Aouate (P70693)
        Assistant U.S. Attorney
        211 W. Fort Street, Ste. 2001
        Detroit, Michigan 48226
        (313) 226-9587
        Linda.Aouate@usdoj.gov

Dated: January 14, 2020

## **Certificate of Service**

I hereby certify that on January 14, 2020, the foregoing was electronically filed using the ECF system which will send notification of such filing to all ECF participants.

                                                S/Linda Aouate
                                                Linda Aouate (P70693)
                                                Assistant U.S. Attorney
                                                211 W. Fort Street, Ste. 2001
                                                Detroit, Michigan 48226
                                                (313) 226-9587
                                                Linda.Aouate@usdoj.gov