UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                          Case No. 2:18-cr-20579

vs.                                          Honorable Victoria A. Roberts

Bradley A. Stetkiw,

        Defendant.

---

**Preliminary Order of Forfeiture**

---

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and based upon Defendant Bradley A. Stetkiw's Rule 11 Plea Agreement and guilty plea to Count Two (18 U.S.C. § 2252A(a)(5)(B)) and Count Three (18 U.S.C. § 1960), the Government's Application for Entry of Preliminary Order of Forfeiture, and the information in the record, **IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1. The following **IS HEREBY FORFEITED** to the United States pursuant to 18 U.S.C. § 2253:

    a. One (1) Western Digital 1 TB hard drive disk, serial number: WCC3F2FF67HE;

    b. One (1) Western Digital 80 GB hard drive disk, serial number: WMAM91786153;

    c. One (1) Western Digital 80 GB hard drive disk, serial number: WMAA52316442; and

    d. One (1) Western Digital 250 GB hard drive disk, serial number: WMANK4001995

for disposition in accordance with the law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have or may have in the above-referenced property **IS HEREBY FORFEITED AND FOREVER EXTINGUISHED**.

2. The following **IS HEREBY FORFEITED** to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c):

    a. Five Thousand Seven Hundred Thirty Dollars ($5,730.00) in U.S. Currency; and

    b. Miscellaneous Documents

for disposition in accordance with the law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have or may have in the above-referenced property **IS HEREBY FORFEITED AND FOREVER EXTINGUISHED**.

3. The property described above in Paragraphs 1 and 2 is collectively

referred to hereinafter as the "Subject Property".

4. Pursuant to Defendant's Rule 11 Plea Agreement and Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time it is entered by the Court and forfeiture of the Subject Property shall be made a part of Defendant's sentence in this case and included in his Judgment.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on www.forfeiture.gov, notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. Said notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within sixty (60) days of the first date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier.

The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any of the identified Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following

the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10.    The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**


Dated: 1/17/2020                              s/ Victoria A. Roberts
                                                  Honorable Victoria A. Roberts
                                                  United States District Judge