UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                          CR. NO. 18-20579

v.

                                          HON. VICTORIA A. ROBERTS

BRADLEY STETKIW,

    Defendant.

_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

    Bradley Stetkiw is a disabled 54-year-old man with no prior criminal history. He has struggled his whole life with depression and low intellectual functioning. He also suffers chronic health issues—diabetes, dental decay, carpal tunnel, and painful body spasms and cramps—that will make incarceration particularly difficult for him, and his compliance with terms of pretrial release over the past year shows that lengthy incarceration is not necessary to ensure that he abides by the law in the future. As a first time offender, he asks for a sentence of three years and supervised release because a longer sentence is not necessary.

1

# I.
## Mr. Stetkiw's History and Characteristics

### A. History of physical and mental health struggles

Bradley Stetkiw was raised in a loving home and is close with his mother. But he has long struggled with low intellectual and social functioning. His social deficits were apparent early on; he could not even manage a close relationship with his only sibling, who he speaks to only sporadically. PSR ¶ 49. Further, he was bullied in school because of his weight. PSR ¶ 58. He dropped out in 10th Grade. PSR ¶ 65. He was then sent to Children's Village, a youth home and juvenile detention center in Oakland County. PSR ¶ 66.

Despite struggling to achieve in his teenage years, Mr. Stetkiw managed to get his GED at age 20. PSR ¶ 65. He then maintained a steady work history for most of his life. He started working as a dishwasher in his teens. He then worked as a cab driver for few years before joining the warehouse industry. He worked in warehousing for over 15 years. In 2003, he obtained a certification to ship hazardous materials. PSR ¶ 67.

Unfortunately, in 2006, Mr. Stetkiw experienced a mental breakdown because of untreated bipolar disorder and depression. He lost his job and has not worked a regular job since that time. PSR ¶ 68. He was diagnosed with bipolar disorder shortly after the breakdown, in 2007. PSR ¶ 58.

In 2009, Mr. Stetkiw sought disability benefits. Although he ultimately abandoned the claim, as part of the process, Dr. Jack Haynes evaluated Mr. Stetkiw. (Ex. 1, Dr. Haynes Eval.) As it happens, Dr. Haynes is a respected forensic psychologist who both our office and the U.S. Attorney Office have used for several years in criminal cases in this district.

According to Dr. Haynes, Mr. Stetkiw suffers bipolar, major depression, and schizoid personality disorder. (Ex. 1, Dr. Haynes Eval., at 4.) Dr. Haynes diagnosed a GAF score of 55, which suggests difficulty functioning in social environments. PSR ¶ 61. When asked what he'd do with three wishes, Mr. Stetkiw said he would wish for "normalcy" and "be able to hold a job." (Ex. 1, Dr. Haynes Eval., at 3.) Mr. Stetkiw described isolation and depression, saying he found himself struggling to do even simple household tasks. (*Id.*) He had low self-esteem, saying he is paranoid, unfriendly, and unlikeable. (*Id.*)

3

Dr. Haynes's evaluation was confirmed by Dr. James Briesmeister, who performed a battery of nine tests on Mr. Stetkiw. (Ex. 2, Briesmeister Report.) Dr. Briesmeister also discovered that Mr. Stetkiw has a relatively low IQ, at "the low extremes of the average (90-109) range." (*Id.* at 2.) Dr. Briesmeister diagnosed bipolar disorder and a developmental learning disorder. (*Id.* at 5.) He opined that intense stressors exacerbate Mr. Stetkiw's depression. (*Id.* at 6.)

Mr. Stetkiw has been active in seeking treatment. His treatment provider for the past nearly 10 years has been Rochester Center for Behavioral Medicine. PSR ¶ 60. He is treated for bipolar, depression, and anxiety. *Id.* After his arrest, his treatment provider recorded continuing symptoms and that Mr. Stetkiw had suffered his conditions for his entire life. He daily takes 200mg of Lamictal (for bipolar) and 100mg of Zoloft (for depression), substantial doses of each medication. PSR ¶ 59.

Mr. Stetkiw also suffers serious physical health problems and has long struggled with self-care. He has Type 2 diabetes, with diabetic polyneuropathy, which causes pain and numbness in his extremities. PSR ¶ 53. He also has ataxia, a degenerative disease of the nervous system that causes a loss of balance and

4

coordination. *Id.* Partially as a result of this condition, he fell out of a transport van while he was in pretrial detention in this case, causing closed-head trauma and a fracture to his hand. PSR ¶ 56. Ataxia also causes him to have painful muscle contractions. He also has carpel tunnel in both wrists, and over the course of this case he has required teeth extractions and antibiotics for widespread dental decay and swelling. PSR ¶¶ 53, 55. He takes more than 10 medications, including for diabetes, muscle spasms and cramps, mental health, and allergies. PSR ¶¶ 54, 59.

### B. Positive Conduct on Bond

Since his release from imprisonment a year ago, Mr. Stetkiw has been working toward change. He obtained health insurance, which had lapsed. Now that he has health insurance, he has worked on his health issues, including having teeth pulled. PSR ¶ 55. He also is working clean up his house, which had been in severe disarray. And he is attending sex-offender therapy through pretrial services. His actions over the past year on bond, without compliance issues, show a motivation to make needed changes in his lifestyle.

5

## II.
## Nature of the Offense

Mr. Stetkiw takes full responsibility for his criminal acts. Importantly, there is no allegation of Mr. Stetkiw ever attempting any hands-on offense. In fact, to further alleviate any potential concern, Mr. Stetkiw underwent a polygraph examination with James Hoppe, a former FBI polygrapher. Mr. Hoppe concluded that Mr. Stetkiw is being truthful in saying he has never had any sexual contact with a child or even attempted to have any sexual contact with a child.

## III.
## Punishment, Deterrence, and Protection of the Public

A sentence of three years and strict supervision will sufficiently achieve the goals of deterrence and punishment. The certainty of being caught is far more important than the severity of the punishment imposed in deterring crime. *Five Things About Deterrence*, U.S. Department of Justice, National Institute of Justice (2016), *available at* https://nij.gov/five-things/pages/deterrence.aspx. Particularly for offenders like Mr. Stetkiw, who have never sustained a criminal conviction, standing before the court facing loss of his freedom is an extraordinarily impactful experience. Imposing more than a three-year sentence will not significantly

increase the deterrent effect of this sentence on Mr. Stetkiw or others in the community, particularly given Mr. Stetkiw's unique health problems.

Further, the felony conviction itself, along with supervision, carries serious consequences. Mr. Stetkiw will be required to register as a sex offender, which carries with it strict regulation and public humiliation. This registration may last for the rest of his life given his age and health problems. He will not be able to legally purchase or possess firearms. As part of supervision, he will have his behavior monitored, his movement restricted, and be subject to conditions and limitations imposed by the Court. These consequences are sufficient, but not greater than necessary, to fulfill the purposes of sentencing.

There is strong evidence that society supports sentences lower than the guidelines advise. In *United States v. Collins*, 828 F.3d 386, 391 (6th Cir. 2016), the Sixth Circuit upheld a downward variance from 262 to 327 months to the 5-year minimum in a vastly more serious CP distribution case after a jury trial. Interestingly, the sentencing judge in *Collins* polled the jury about the appropriate sentence, and *every* juror answered somewhere between probation and 60 months, with an average of 14.5 months and a median of just 8 months.

7

## IV.
## **The Need to Avoid Unwarranted Sentence Disparities**

A sentence of three years will not create any unwarranted sentencing disparities. Numerous possession defendants have been sentenced to probation or time-served in this district and circuit for possessing CP when, as in this case, they had minimal criminal history, mental health issues that contributed to the offense, and low risk of recidivism. *See, e.g., United States v. Stall*, 581 F.3d 276 (6th Cir. 2009); *United States v. Prisel*, 316 F. App'x 377 (6th Cir. 2008); *United States v. Zofchak*, 14-CR-20538 (E.D. Mich. 2015); *United States v. Robinson*, No. 09-CR-20091 (E.D. Mich. 2013); *United States v. Banta,* 12-CR-20156 (E.D. Mich. 2012); *United States v. Dubin*, 12-CR-20828 (E.D. Mich. 2012).

In fact, it is not unusual for courts to impose non-incarceration sentences on defendants charged with this offense who have advanced age, serious health problems, and a lack of criminal history. For example, in *United States v. Seago*, 15-CR-515 (E.D. Mo. 2015), the defendant possessed more than 12,000 CP files, and faced a guidelines range of 78 to 97 months, but the court imposed a sentence of time served, with one-year home confinement, based on his advanced age,

medical issues, and a lack of criminal history. In *United States v. Simpson*, No. 08-CR-0267 (E.D. Va. 2008), the defendant received probation, with a guidelines range of 57 to 71 months, based on the fact that he was 65-year-old, had led a productive life, and had serious heart problems. And in *United States v. Angel*, 09-CR-401 (M.D. Fl. 2011), a 75-year-old defendant received a time served, supervised release sentence, based on his serious medical issues.

Mr. Stetkiw fits a similar pattern as these cases. He has lived his life for 54 years with no criminal history until now, and has chronic physical and mental health problems. In particular, his muscle spasms and cramps, destabilizing ataxia, and diabetes will make incarceration exceptionally difficult. Over the past year of pretrial release, he has shown that he is not a danger to the community. A sentence of 3 years, with 5 years' supervision, would be sufficient to fulfill the purposes of sentencing.

## CONCLUSION

Mr. Stetkiw is a first-time offender who has severe mental and physical health problems, and who has been compliant with the terms of supervised release. A 36-month sentence, though likely greater than necessary under the law, is sufficient under 18 U.S.C. § 3553(a) given the agreed floor established by the parties in the Rule 11 agreement. He respectfully respects a 36-month sentence.

        Respectfully Submitted,

        FEDERAL DEFENDER OFFICE

        /s/ James R. Gerometta
        /s/ Benton C. Martin
        Attorneys for Bradley Stetkiw
        613 Abbott St., 5th Floor
        Detroit, MI 48226
        (313) 967-5832
        Email: Benton_Martin@fd.org

Dated: March 2, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                           CR. NO.   18-20579

v.

                           HON. VICTORIA A. ROBERTS

BRADLEY STETKIW,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

On March 2, 2020, I filed the foregoing Memorandum with using the CM/ECF filing system, which will send a copy to opposing counsel. I also sent a copy to the probation officer.

                                      /s Benton C. Martin
                                      Assistant Defender