UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN (DETROIT)

UNITED STATES OF AMERICA,

       Plaintiff,

-vs-                                    CASE NO: 2:18-cr-20579-VAR-MKM
                                         HON.  VICTORIA A. ROBERTS

BRADLEY STETKIW,

       Defendant.

_____/

| U.S ATTORNEY'S OFFICE | THE DASS LAW FIRM, P.L.L.C. |
|---|---|
| Timothy Wyse | Clarence M. Dass (P74074) |
| Attorney for Plaintiff | Attorney for Defendant |
| 211 W. Fort St. | 10 W. Square Lake Rd., Ste. 102 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48302 |
| (313) 226-9144 | (248) 791-3955 |
| timothy.wyse@usdoj.gov | cdass@thedasslawfirm.com |

_____/

**SENTENCING MEMORANDUM ON BEHALF OF BRADLEY STETKIW**

    Through counsel, BRADLEY STETKIW, files the following Sentencing Memorandum incorporating the facts and arguments submitted by prior defense counsel on March 2, 2020, and setting forth all factors that the Court should consider in determining whether Defendant is entitled to any time credit toward his sentence.

    On October 22, 2019, Defendant pleaded guilty to Counts Two and Three of the Indictment, which charged him with child pornography and operating an unlicensed money transmitting business in violation of 18 U.S.C. §§ 2252(a)(5)(B) and 1960. Per the Rule 11 Plea Agreement in this case, guidelines were agreed to at 37-46 months with a period of supervised released thereafter of five (5) years.

1

Defendant was initially scheduled to be sentenced on February 27, 2020. Due to the onset of the Coronavirus Pandemic, sentencing was reset for March 18, 2020. On March 13, 2020, due to the ongoing pandemic, this Honorable Court cancelled sentencing. As of the date of this writing, no sentencing date has been scheduled.

Due to the Coronavirus Pandemic, Defendant has been delayed sentencing for over a year. Since the time of his plea in 2020, his health has worsened—information about that is contained in the Sentencing Memorandum filed by prior defense counsel. While Defendant has remained on bond during this time, he has been subject to home confinement during the entire time period of the delay since on or about February 4, 2019, as required by this Court. He has had a tether on him for approximately two (2) years and is only allowed to leave his house for three (3) hours a day. These conditions have been highly restrictive toward Defendant's way of life—he has essentially been serving a prison term the entire time and even longer than expected due to the pandemic.

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. §3585(b).

Given the extremely unique circumstances of the Coronavirus Pandemic and the extra year of home confinement that has been added to his life as a result of it, Defendant has been in "official detention" for the past two (2) years. If this Honorable Court accepts that premise, then Defendant should be entitled to credit for the time he has spent in such official detention toward

his ultimate sentence. It is ultimately within this Court's discretion to grant him such credit. *See Brown v. Rison*, 895 F.2d 533, 536 (9th Cir. 1990) (credit given for time spent at residential community treatment center treated as official detention); *Johnson v. Smith*, 696 F.2d 1334 (11th Cir. 1983) (credit for time spent in federal community treatment center as official detention). *See also* § 5F1.2 of the United States Sentencing Guidelines, whose application notes explain that "'home detention' means a program of *confinement* and supervision that restricts the defendant to his place of residence . . . ." (emphasis added).

Incorporating the facts and arguments made in the Sentencing Memorandum filed by prior defense counsel, as well as the arguments contained in this Sentencing Memorandum regarding credit for time served in official detention under 18 U.S.C. § 3585(b), Defendant respectfully requests that this Honorable Court grant him credit for the time he has spent in home confinement toward his ultimate sentence. That would be the period beginning from on or about February 4, 2019 to the present.

Respectfully Submitted,

Dated: May 27, 2021

THE DASS LAW FIRM, P.L.L.C.

/s/ Clarence M. Dass
CLARENCE M. DASS (P74074)
Attorneys for Defendant
10 W. Square Lake, Suite 102
Bloomfield Hills, MI 48302
(248) 791-3955